WALKER v. TRACY LOAN & TRUST CO.

No. 5338.  Decided June 13, 1934.  (33 P. [2d] 177.)

*Wilson McCarthy* and *Riter & Cowan,* all of Salt Lake City, for appellant.

*H. D. Moyle,* of Salt Lake City, for respondent.

EPHRAIM HANSON, Justice.

This action was brought by respondent, hereafter referred to as plaintiff, against appellant, the defendant herein, to recover approximately $3,000 on the theory that said amount was a trust fund deposited by him with Walker Brothers Dry Goods Company, a large retail store of Salt Lake City, which store we shall designate hereafter for convenience as the company. The evidence at the trial develops substantially the following facts:

The company had received from a Mrs. Frye, over a period of years, varying sums of money until the account reached a total of about $6,000. In May, 1930, Mrs. Frye duly assigned all of her interest in and to the account to the plaintiff, who at that time was and for a number of years had been president and a director of the company. We are not now concerned as to the legal status of this account as be-

tween Mrs. Frye and the company. We are only dealing with the account after the assignment of it by her to the plaintiff.

The assignment was made in May of 1930. On June 25, 1930, the defendant was appointed the receiver for the company because of its insolvency. Plaintiff testified that at the time the assignment of the account was made to him, his wife was owing the company about $3,000 for purchases; that he directed the head bookkeeper to charge from the account sufficient to pay his wife's bill and to transfer the balance to his account; that his wife was in the habit of running an account of two or three thousand dollars a year; and that he would leave the balance there to apply on future purchases made by her. By proper bookkeeping entries Mrs. Walker's account was paid and the balance remaining applied to the account of the plaintiff. Plaintiff further stated that he could have drawn out the balance if he wanted to, but that he left it with the company expecting it to be paid on his wife's future purchases.

The trial court held that an express trust had been created by this arrangement. We believe the trial court was in error in so holding. To constitute an express trust there must be an explicit declaration of trust, or circumstances which show beyond reasonable doubt that a trust was intended to be created. 65 C. J. 231. Where no intent to create a trust appears, none will be held to exist regardless of the words used. 65 C. J. 266; 26 R. C. L. § 18, p. 1180; 3 Pomeroy, Equity Jurisprudence (6th Ed.) § 997; *Skeen* v. *Marriott,* 22 Utah 73, 61 P. 296.

Plaintiff received an assignment from Mrs. Frye of the amount due her from the company. With a portion of it he had canceled the obligation which his wife had incurred, and for which he no doubt was liable. The balance of the amount was placed to the credit of the plaintiff, and which, according to his testimony, he could have drawn out if he wanted to, but which he left there intending to apply it on his wife's future purchases, to pay obligations which no doubt he him-

self was obligated to pay. By this arrangement a trust was not created. The relation of debtor and creditor between the company and the plaintiff was created as to the balance due, and nothing further.

In view of this holding it is unnecessary to pass upon the other questions raised. Of course, what is here said does not involve plaintiff's right to participate as an ordinary creditor in the assets of the company. The judgment is reversed, with instructions to the trial court to enter a decree in favor of the defendant and against the plaintiff; defendant to recover its costs both here and in the trial court.

FOLLAND, J., concurs.

STRAUP, C. J., and ELIAS HANSEN, J., concur in result.

MOFFAT, Justice.

I concur in the reversal of the judgment.