## RENSHAW v. TRACY LOAN & TRUST CO.

No. 5339. Decided August 21, 1934. (35 P. [2d] 298.)

For opinion on rehearing, see 87 U. 364, 49 P. (2d) 403.

*Riter & Cowan,* of Salt Lake City, and *Wilson McCarthy,* of Oakland, Cal., for appellant.

*T. D. Lewis,* of Salt Lake City, for respondent.

EPHRAIM HANSON, Justice.

This action was brought by the plaintiff to recover a sum of money which had been deposited with the Walker Brothers Dry Goods Company on the theory that the same was trust money. A case involving the same thing but having somewhat different facts was recently decided by this court. *Walker* v. *Tracy Loan & Trust Co.,* 83 U. 576, 33 P. (2d) 177. Since the facts are different, we deem it advisable to make a statement of the facts involved in the present case. The Walker Brothers Dry Goods Company conducted, for many years, a large department store in Salt Lake City. The Walker family managed and controlled the store until November 1928, at which time a new management obtained control and proceeded to remodel the building in which the business was conducted, thereby involving expenditures of a large sum of money. Thereafter the company became so financially involved that a receiver was appointed June 25, 1930. During the Walker management and many years before the receivership, the company established a practice of encouraging its employees to deposit their surplus funds or savings with the company "to encourage thrift." The "deposits" were entered in a small book in the nature of a passbook that contained no rules or regulations. There was no writing of any kind covering these transactions. According to the testimony it was understood, however, that 6 per cent interest would be paid by the company on funds so deposited, compounded semiannually, and that the money could be withdrawn at any time on demand by the employee with interest to date of withdrawal. So long as the funds remained with the company it simply "credited to the de-

positor" the interest as it accrued. Originally such funds were shown on the books of the company under the title "On Deposit," but this was later changed to "Cash due Employees," so as to avoid the appearance of doing a banking business, and all such funds were shown on the company statement in one lump sum. Under the new management the amount of each employee's deposits was shown separately. It was also the practice of the company, whenever it had surplus funds, to deposit the same in banks under time certificates. Such time certificates varied in amount from time to time and were designated as a reserve to take care of any emergency, including the payment of funds to an employee in the event the funds on hand were insufficient. At the time of the appointment of the receiver, the company held no time certificates but had several thousand dollars in cash on hand.

Plaintiff Renshaw had been employed by the company for thirty-eight years and during this time he made deposits so that at the time of the receivership there was owing him $8,372.52. May Salisbury also was an employee who had made deposits for a long period of time so that there was owing to her at the time of the receivership $2,852.22. She assigned her claim to Renshaw. This action was brought to determine whether plaintiff and his assignor were entitled to a preference in payment of the above sums over common creditors of the defunct company on the theory that they constituted trust funds, it being conceded that the assets of the company were insufficient to pay the claims of common creditors allowed by the receiver.

In order to sustain the trust relationship, plaintiff produced testimony of Mrs. Chase, the head bookkeeper and assistant office manager, who had held the position for about fifteen years. Both Renshaw and his assignor, however, had commenced making their deposits several years before Mrs. Chase began her employment. She testified that whenever any of the employees inquired about their funds she would tell them "they were

absolutely safe and if anything ever happened to the store they would be paid in preference to anyone." She would further advise them that they could withdraw their money at any time together with interest. She testified that she was authorized by the management to make the foregoing statements to the employees.

The trial court found that under this arrangement an express trust was created. In this we think the court erred. There is no evidence at all showing there was a trust agreement at the time these deposits were commenced. The assurances of the office manager came later. Whenever some question arose as to withdrawing the funds, no property was set aside to secure these deposits. This is not a case where the company was given money to hold not as its own money but for certain specified purposes. Clearly, the company could use the money deposited with it for any purpose it desired. Counsel for plaintiff, in his brief, practically concedes there was no express trust for no contention of any express trust is made therein, but plaintiff relies wholly upon a constructive trust, said to arise out of a fiduciary relationship between employer and employee.

We may concede, for the purpose of this opinion, that a fiduciary relation did exist between plaintiff and his assignor as employees on the one hand, and the company as employer on the other. We still are of the opinion that the evidence falls far short of establishing the moneys deposited as being trust funds. The existence of the fiduciary relationship alone is not sufficient to create a trust. There must also be "a betrayal of the confidence reposed or some breach of duty imposed under it." *Howe* v. *Howe & Owen Ball Bearing Co.* (C. C. A.) 154 F. 820, 829; 65 C. J. 479.

Having established the fiduciary relation, the burden was still upon plaintiff to show such betrayal of that relationship as would give rise to the constructive trust. *Scott* v. *Crouch,* 24 Utah 377, 67 P. 1068; *Taylor* v. *Bunnell,* 211 Cal. 601, 296 P. 288; 65 C. J. 491.

Where all the facts are disclosed and a party acts with knowledge thereof, there could be no breach of the fiduciary relation. *Cranney* v. *McAlister*, 35 Utah 550, 101 P. 985. There is no evidence in this case which shows a betrayal of confidence, a withholding of facts, or an acting on information acquired under the fiduciary relation which would be so unfair to plaintiff and his assignor as to cause equity to construct a trust. We are of the opinion that in making the deposits the relation of debtor and creditor was created and that the evidence fails to show any change in that relationship.

In view of this holding it is not necessary to pass upon the other questions argued by counsel.

The judgment is reversed, with instructions to the trial court to enter a decree in favor of defendant and appellant and against plaintiff and respondent. Appellant to recover costs.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and MOFFAT, JJ., concur.