## RENSHAW v. TRACY LOAN & TRUST CO.

No. 5339. Decided September 19, 1935. (49 P. [2d] 403.)

*Wilson McCarthy*, of Oakland, Cal., and *Riter & Cowan*, of Salt Lake City, for appellant.

*T. D. Lewis*, of Salt Lake City, for respondent.

EPHRAIM HANSON, Justice.

The plaintiff, respondent herein, filed a petition for rehearing in this cause, claiming that this court had misconceived plaintiff's theory of the case and the effect of the decisions cited by the court in its opinion heretofore rendered. Our original opinion is published in 87 U. 359, 35 P. (2d) 298, and contains a statement of the facts involved.

Plaintiff first contends that this court committed error in holding that the trail court erred in finding there was an express trust, plaintiff denying that the trial court made

such finding. The findings, so far as the present question is involved, follow identically the language of plaintiff's complaint. It is alleged in paragraph 4 of each cause of action contained in the complaint, and found in paragraph 4 of the finding of fact, that "at the time of making said deposits and throughout the time of plaintiff's employment by said company, the said company solicited said plaintiff and other employees to so deposit their money with said company and guaranteed said plaintiff * * * could draw (his) money out at any time together with 6% per annum, calculated semiannually and represented and stated that their money was always absolutely safe and that said employees so depositing had a preference over all other persons and creditors as to the money so deposited with said Walker Bros. Dry Goods Company, and that said *moneys so deposited would be held by said Walker Brothers Dry Goods Company as a trust fund* in order to encourage their employees to save their money." In the next paragraph of both the complaint and the findings it is alleged and found as a fact that plaintiff deposited his money relying upon the foregoing statements and representations. If, as alleged and found as facts, the company solicited the deposits and agreed to give the depositors preference over every other creditor and to hold the money as a trust fund to be paid back upon demand, and the plaintiff deposited his money with that understanding, the legal conclusion would be that there was an express trust arrangement.

Plaintiff next contends that our opinion failed to distinguish between the trust created by reason of a fiduciary relation existing between the parties and a fiduciary relation created by a trust agreement, and so we attempt to apply the law relating to a breach of fiduciary relation created by an express trust. While the fiduciary relationship is a prerequisite to the creation of a constructive trust, such as we are here considering, yet the trust does not arise until that relationship has been be-

trayed or violated. It is the confidential relationship plus the abuse of the confidence thus imposed, that authorizes equity to construct a trust for the benefit of the party whose confidence has been abused. This is the effect of the language by Judge Sanborn in the case of *Howe* v. *Howe & Owen Ball Bearing Co.* (C. C. A.) 154 F. 829, cited in our original opinion. See, also, *Trice* v. *Comstock,* 121 F. 620, 57 C. C. A. 646, 61 L. R. A. 176; *Steinbeck* v. *Bon Homme Min. Co.* (C. C. A.) 152 F. 333. As stated in *M. L. Stewart & Co.* v. *Marcus,* 124 Misc. 86, 207 N. Y. S. 685, 690:

> "It is not the nominal, but the actual, relation of the parties which must be examined in order to determine whether there has been a breach of trust. The fact that the parties may have been long-standing friends or neighbors (which is adverted to by some of the text-writers) may be one of the elements to be weighed, but in its last analysis the test is the reposing of confidence—in the sense of trust—and its abuse, which must determine the result."

It is true that, upon the establishment of certain fiduciary relationships and transactions between the parties to that relationship, equity will presume fraud, the abuse of confidence, and place the burden of proving good faith and fairness upon the dominant party in the relationship. In such cases the presumption of fraud may be based upon the relationship alone and relieves the party from proving the fraud, but the fraud is nevertheless an essential element. By the presumption equity supplies that element. The relationships wherein such persumption has been indulged are parent and child, principal and agent, attorney and client, guardian and ward, executor or administrator and heir, beneficiary or distributee. In other cases the presumption of fraud has been given effect when there has been a relationship of confidence plus other circumstances tending to show that some advantage had been taken by the dominant party with a consequent abuse of confidence. The case of *Lewis* v. *Schafer,* 163 Okl. 94, 20 P. (2d) 1048, 1050, involves the relation of employer and employee plus a showing of unfair advantage taken by the employer

and a breach of the confidence which the employee placed in the employer.

Our language in our original opinion, 87 U. 359, 363, 35 P. (2d) 298, 300, wherein we stated that, "having established the fiduciary relationship, the burden was still upon plaintiff to show such betrayal of that relationship as would give rise to the constructive trust," is, perhaps, too broad and should be modified so as to apply specifically to the relationship here involved. We had in mind, however, the relationship of employee and employer, such as plaintiff bore to the Dry Goods Company, and their dealing with each other as lender and borrower. It is not every relationship to which the term "fiduciary" or "confidential" might be applied with some degree of reason or plausibility that will authorize, by itself alone, the creation of the presumption of fraud in the dealings between each other of those occupying that relationship. Every business transaction involves a certain amount of confidence and trust. Equity will not discourage transactions by creating presumptions of their fraudulent nature, except in those cases where the transactions occur between parties to relationships which by their very nature it is the policy of the law to protect one of the parties thereto on the theory that they are not dealing on an equal basis because of the confidence which one party to the relationship is presumed to have in the other. See Perry on Trusts and Trustees (6th Ed.) § 194; 2 Pomeroy's Eq. Juris. (4th Ed. §§ 955, 956. It is always a question, therefore, of the actual relationship between the parties that must be inquired into, and not whether the terms "fiduciary," "confidenital," or "trust," can, with some degree of reason, be applied to the relationship.

It has been held in the case of *Colonial Trust Co.* v. *Hoffstot*, 219 Pa. 497, 69 A. 52, that while there may be some degree of fiduciary relationship between a borrower as pledgor and lender as pledgee, it is not one of such confidence as will prevent such parties from dealing freely with each other. The question in this case,

therefore, whether equity, from the relationship of employer and employee alone, will raise a presumption of fraud in a transaction in which the employee loans the employer some money. Plaintiff contends that the Dry Goods Company

"breached that fiduciary relationship and the obligations depended (dependent) upon it when they advised their employees to deposit money with the company, when they encouraged their employees to save their money and lend it to the Dry Goods Company."

This, of course, assumes that the relationship of employer and employee is such a fiduciary relationship that it is contrary to good public policy to permit an employee to loan money to his employer. Plaintiff has cited no authority to support such contention and we have been unable to find any. We are not prepared to hold that equity will raise the presumption of fraud because of the fact that the parties here are employer and employee and their transaction involves a loan of money by the employee to the employer. In the case of *Lewis* v. *Schafer*, supra, the court indicated in its definition of "confidential relation" that to produce such relation so as to give rise to a constructive trust requires something more than the mere relation of employer and employee. The court says:

"A 'confidenital relation' arises by reason of kinship between the parties, or professional, business, or social relations that would reasonably lead an ordinarily prudent person in the management of his business affairs to repose that degree of confidence in the defendant which largely results in the substitution of the will of the defendant for that of the plaintiff in the material matters involved in the transaction."

We find no evidence in the record before us from which it can be found or inferred that there was that degree of confidence in the Dry Goods Company as would result in the substitution of its will, in the degree indicated in the above quotation, for that of the plaintiff in the lending of the money by plaintiff to the company. Nor can it be said that the company betrayed or violated any confidence that might have been placed in it by plain-

tiff. We still feel that it was incumbent upon plaintiff to prove, in addition to the employee-employer relationship, facts that would show such an abuse of confidence placed as would warrant a finding of fraud, since the relationship was one which, standing alone, equity could not, under the circumstances of this case, raise the presumption of fraud and thus relieve plaintiff of such proof.

We have considered this case upon plaintiff's theory of constructive trust although we had had, and still have, grave doubts as to whether plaintiff's complaint contains the necessary allegations to present such theory. As heretofore indicated, the complaint could very well be construed to be based upon an agreement involving a depositing of money in trust, hence an express trust. However, plaintiff has failed, in our opinion, to sustain the burden imposed upon him to prove facts justifying the court in declaring a constructive trust. Consequently plaintiff must fail for want of proof.

Except as herein modified, our original opinion must stand.

ELIAS HANSEN, C. J., and FOLLAND, MOFFAT, and WOLFE, JJ., concur.