437 P.2d 213

Robert THATCHER, Sidney Thatcher, Steven Thatcher, Howard Thatcher, John T. Thalman and David Turner, Plaintiffs, Respondents and Cross-Appellants,

v.

James C. PETERSON and Rainbow Stone Company, Inc., Defendants, Appellants and Cross-Respondents.

No. 10977.

Supreme Court of Utah.

Jan. 30, 1968.

Clyde, Mecham & Pratt, Frank J. Allen, Salt Lake City, for respondents.

Olson & Hoggan, L. Brent Hoggan, Logan, for appellants.

TUCKETT, Justice:

The plaintiffs brought this action against the defendants in two counts. Plaintiffs in the first count seek to recover damages in an action for deceit claiming that the corporate defendant through the fraudulent mis-

representations of its president induced them to enter into an agreement whereby the plaintiffs were to remove certain stone from the defendants' quarry. By way of a second count the plaintiffs seek to recover an amount due them for a breach of the contract and for an accounting.

In May of 1965 the Rainbow Stone Company, Inc., hereinafter referred to as Rainbow, was the owner of a deposit of green colored stone valuable for building purposes. James C. Peterson, the other defendant, was president of Rainbow and on behalf of the corporation entered into negotiations with the plaintiffs to quarry rock from the deposit. Several conversations ensued between Peterson and the plaintiffs between May 12, 1965, and June 1, 1965, on which date Rainbow and the plaintiffs entered into a written agreement.

The plaintiffs claim that during the conversations leading up to the written contract Peterson represented to them that he had a sale for 2,000 tons of rock, and that the value of this stone would be between fifty and seventy thousand dollars. The plaintiffs claim that the representation on the part of Peterson was false.

After entering into the contract the plaintiffs negotiated for the purchase of a tractor equipped with a backhoe. Price of this equipment was $12,000.

After execution of the contract which obligated the plaintiffs to remove and stockpile the stone, they entered into the quarrying operation. During the summer the plaintiffs removed 500 tons of stone of which 120 tons were sold.

During the course of the trial the parties stipulated that judgment might be entered in favor of the plaintiffs and against the defendant Rainbow and the amount thereof on the second count of plaintiffs' complaint. The judgment was to be merged in any judgment the court might enter in favor of the plaintiffs on the issues of fraud contained in the first count.

At the conclusion of the testimony the court was of the opinion that the evidence produced by the plaintiffs failed to make a case against the defendant Rainbow on the grounds of fraud. However, the court found that a fiduciary relationship existed between the plaintiffs and Peterson based upon the membership of four of the plaintiffs and Peterson in the same religious fraternity. On that ground the court found in favor of the plaintiffs and entered judgment accordingly. Peterson and four of the plaintiffs were members of the Delta Phi Kappa fraternity. The membership of that fraternity consisted of men who had served on missions for the Latter-Day Saints Church.

On this appeal we are asked to determine whether membership in a religious fraternity in and of itself establishes such a confidential relationship that the law should protect one of the parties because he is presumed to have been influenced by the rela-

tionship. It would appear that a fiduciary or confidential relationship would not arise out of the membership in the fraternity above mentioned without evidence to show such a situation did in fact exist. The facts of record fail to show anything other than an arm's length dealing among the parties.[1]

The decision of the trial court in respect to the issues of fraud as raised by the first count of the plaintiffs' complaint is reversed and the matter is remitted to that court for further proceedings consistent with this opinion. Defendants are entitled to costs.

CROCKETT, C. J., and CALLISTER, HENROID, and ELLETT, JJ., concur.

---

1. Renshaw v. Tracy Loan & Trust Co., 87 Utah 364, 49 P.2d 403, 100 A.L.R. 872; Lewis v. Schafer, 163 Okl. 94, 97, 20 P.2d 1048.