[Civ. No. 1291. Second Appellate District.—April 4, 1913.]

## ELLEN O'BRIEN, Appellant, v. ELIZABETH A. O'BRIEN et al., Respondents.

CONSTRUCTIVE TRUST—ORAL EVIDENCE TO ESTABLISH.—Oral evidence is admissible to establish a constructive trust arising out of the refusal of a grantee to reconvey upon demand.

ID.—REFUSAL OF GRANTEE TO RECONVEY—BURDEN OF PROOF.—A grantor who seeks to establish by parol evidence a constructive trust arising out of a refusal of the grantee to reconvey has the burden of proving the acceptance of the conveyance under an agreement to reconvey; mere proof of confidential relationship and lack of consideration is not sufficient.

ID.—PROMISE OF GRANTEE TO RECONVEY—INTENTION—CONFIDENTIAL RELATIONS.—Where a grantee makes a promise to reconvey without the intention of fulfilling the same, he is guilty of a fraud which will impress upon the subject matter of the conveyance a constructive trust in favor of his grantor; and if there is a confidential relationship between them it is immaterial that the grantee may have had, at the time of receiving the transfer, the intention of fulfilling his promise to reconvey.

ID.—FINDINGS—REVIEW ON APPEAL.—A finding of the trial court, as to the existence of a constructive trust, which rests upon a mere preponderance of evidence or upon a consideration of conflicting evidence, will not be reviewed on appeal.

ID.—CONVEYANCE BY MOTHER TO SON—EVIDENCE TO ESTABLISH TRUST.— The evidence in this case is insufficient to establish a constructive trust in favor of a mother on the theory that she conveyed real property to her son upon his promise to reconvey to her upon demand.

ID.—LETTERS FROM MOTHER TO SON—EVIDENCE.—Where a mother has conveyed land to her son and afterward seeks to establish a trust therein on the theory that the conveyance was made under an agreement to reconvey on demand, letters written by her to him prior to

the conveyance, requesting the remittance of money and showing her desire to adjust property matters in the interest of her children, are admissible to show the closeness of relation between the parties and also to show her intention to transfer her property to her children in advance of death.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

Frank James, and James & Smith, for Appellant.

Lent & Humphrey, for Respondents.

JAMES, J.—This action was brought by plaintiff to have declared a trust in her favor existing as to a tract of land located in the county of Los Angeles consisting of about twenty acres. The judgment of the court being adverse to her, this appeal was taken from an order made denying a motion for a new trial.

It is the contention of appellant that the evidence did not sustain the findings and judgment. She bases her claim for reversal mainly upon that ground, although several alleged errors of the court committed during the course of the trial are also made the subject of argument. It was alleged in plaintiff's complaint that she purchased the land in question on the seventeenth day of May, 1895, and procured the deed of conveyance to be made in favor of a daughter, who was to hold the property for plaintiff's benefit; that thereafter said daughter and her husband gave to plaintiff a power of attorney authorizing plaintiff to convey real estate situated in the county of Los Angeles and standing in the name of the daughter; that acting under this power of attorney, on or about the eighth day of November, 1902, plaintiff conveyed title to the land to her son, Joseph A. O'Brien, who thereafter and up to the time of his death held the title thereto. This allegation then follows: "Plaintiff at all times, and at the time of making said conveyance, had and reposed full and complete confidence in her said son Joseph, and in her conversations with him shortly prior to making the said conveyance to him she told him that it was her present intention that in case he

should have children that the said property should be vested in him; she further told him that she intended to convey the said property to him upon the understanding that he should reconvey it to her at any time upon request and make such provision as might be necessary to revest the title to the property in her in the event that he should die during her lifetime without issue." It was next alleged that Joseph consented to take and hold title to the property in trust; that he agreed and promised that he would at any time, upon request, reconvey the same to plaintiff and would make such provision as might be necessary to revest the title in her in case he should die without issue during the life of plaintiff; further, that the deed was made to him solely on account of confidential relations existing between the parties and was made without consideration otherwise. Allegations then followed setting forth that Joseph had died on the twenty-ninth day of December, 1908, leaving surviving him a widow, Elizabeth A. O'Brien, one of the defendants herein, and that he left a will devising and bequeathing to his wife all of his property, and appointing Charles F. O'Brien, a brother, executor of the will; further, that on the eighth day of October, 1909, the superior court made an order suspending Charles F. O'Brien as executor of the will and appointing Elizabeth A. O'Brien special administratrix; that in November, 1909, plaintiff demanded that Charles F. O'Brien, as executor of the will of Joseph, convey to her the property described, which demand was met with a refusal, and on the third day of December she demanded of the defendant Elizabeth A. O'Brien that she convey the said property to her, and that this demand had been futile also. The trial judge made his findings determining the facts generally as alleged by plaintiff, except that it was found that the conveyance made by plaintiff to Joseph was without consideration other than love and affection, but was made as an absolute gift to said Joseph, and that the allegations as to the agreement of Joseph to reconvey, or that it was understood or agreed that the property should be held in trust and title be vested in him only in the event he should have children, were untrue; that, on the contrary, the conveyance was made to Joseph by way of gift with the full intention of vesting fee simple title to the land in said Joseph free and clear from any conditions or restrictions, and that the title

did so vest upon the making of such conveyance. The court heard various witnesses, including the plaintiff, an abstract of whose testimony appears to be fully set forth in the statement used on the hearing of the motion for a new trial which is brought up on this appeal.

Plaintiff by her complaint made out a cause of action under the decision of *Brison* v. *Brison,* 75 Cal. 525, [7 Am. St. Rep. 189, 17 Pac. 689]. The decision in that case is to the effect that a conveyance of real property absolute in form may be shown by parol testimony to have been made for the purposes of effectuating a trust agreement, and that the provisions of section 852 of the Civil Code, which provide that a trust in real property shall not be valid unless created by a writing or by operation of law, are not thereby violated. By the decision in the case cited it is declared that where the person to whom a transfer of property is made makes a promise to reconvey without the intention of fulfilling the same he is guilty of a fraud which will impress upon the subject matter of the conveyance a constructive trust in favor of his grantor; and it is also declared that where there exists a confidential relationship between the parties to the transfer it is immaterial that the grantee may have at the time of receiving the transfer had the intention of fulfilling his promise to reconvey. This latter holding is placed upon the ground that where the relationship is confidential, refusal to fulfill a promise to reconvey will give rise to a presumption of fraudulent intent on the part of the grantee which will as against him taint the entire transaction, with the result that relief may be administered on the ground that a constructive trust has arisen in favor of the complainant. At first impression it would seem that it was intended to be declared in *Brison* v. *Brison,* 75 Cal. 525, [7 Am. St. Rep. 189, 17 Pac. 689], that upon proof of confidential relationship existing between the grantor and grantee, and lack of valuable consideration for the transfer, a presumption would arise that the property made the subject of the conveyance was to be held in trust by the grantee and not otherwise. From a close examination of the language used by the supreme court in that decision, taken in connection with what was said when the same case came before that court a second time (see *Brison* v. *Brison,* 90 Cal. 323, [27 Pac. 186]), it is evident that the rule was not intended to be so broadly

stated or so sweeping in its effect. Reading both of the decisions rendered upon the two appeals, it is evident that it was not intended to declare, in making a *prima facie* case, that the plaintiff could stop short after a showing made of confidential relationship and transfer of the property without valuable consideration, shifting the burden thereby upon defendant to prove that the transaction was to be viewed other than as one creating a trust. In the decision in that case in 90 Cal. at page 334, [27 Pac. 189], it is said: "It may be conceded, as is claimed by appellant, that the evidence of a verbal agreement between husband and wife that will create a constructive trust should be clear, satisfactory, and conclusive; but it must also be conceded that whether the evidence in any case is of this character must be determined by the trial court, and that this court must accept the determination of the trial court thereon as conclusive." No different rule seems to have been declared applicable in *Brison* v. *Brison* than that announced later by the supreme court in the case of *Sherman* v. *Sandell*, 106 Cal. 373, [39 Pac. 797], where it is said: "It is well established that although a conveyance of lands is absolute in terms, and on its face purports to convey an estate in fee, it may nevertheless be shown that the lands are held by the grantee in trust; and that the terms of such trust may be shown by oral testimony. . . . The evidence which will authorize a court to find that a conveyance of lands which is absolute in terms was in reality made upon a trust must be clear, satisfactory, and convincing; that the parties to an instrument which is clear and unambiguous in its terms must be presumed to have intended the legal effect of those terms, unless it is clearly and satisfactorily shown that it was their mutual intention that those terms should have a different effect. (Citing authorities.) The burden of proof to thus vary the terms of the instrument is upon the party who claims contrary thereto, and he must establish his allegations by a preponderance of evidence. If the verbal declarations are contradictory or uncertain, the presumption that the instrument correctly expresses the agreement between the parties is not overcome."

In this case, then, under the authorities cited, and assuming that it was not the subject of question that the relationship existing between the mother and her son Joseph was confidential and close, the burden rested yet upon plaintiff to establish

by evidence clear and convincing the agreement claimed by her to have been made with Joseph, to wit: that he would accept the conveyance upon the conditions alleged and reconvey to her upon her demand. The question then presented for consideration is whether the court was justified under the testimony in finding against the alleged trust agreement as asserted by the plaintiff. A consideration of the contention of plaintiff in the regard last mentioned makes it necessary that the testimony as to its main features be here referred to. The plaintiff, being called as a witness, testified that she was eighty years old, and prior to the time that she made the conveyance of the land to Joseph she had a conversation with him while the two were out driving in Kansas City, in which conversation she told Joseph that she would make a deed to him in trust and that he replied that he would reconvey the property at any time she demanded it. She testified that she also said: "If you die before I do and you are without children I want you to give me the property back then," and that Joseph replied that he would, that the property was hers; that thereupon she made out the deed, caused it to be recorded herself and mailed to Joseph at Kansas City. She testified further that in another conversation, when her son Charles was present, she repeated that the understanding was the property was to be transferred back to her whenever she might demand it, and that Joseph replied: ".All right, mother, the property is yours and you can have it at any time you want it." She testified that she had received several letters from Joseph, in one of which he stated that it was advisable that he transfer the property back to her, and that she had written him that she did not want him to do it at that time. Other letters of similar tenor she stated she had received, but in each case that she had destroyed them. She testified that Joseph had paid nothing for the deed and that he had never given her any money, except some small payments on account of premiums due on a life insurance policy under which he would be one of the beneficiaries. A number of letters were introduced in evidence with proof that they had been written by the mother to the son Joseph prior to the making of the conveyance referred to, in nearly every one of which the mother requested the son to send money to her. While the plaintiff testified that she had not received any response to these demands, the

21 Cal. App.—40

tenor of some of the letters seems to justify an inference to the contrary. Charles F. O'Brien, the brother, testified that he was present at a conversation had between his mother and Joseph when the mother asked Joseph to make a deed to him (Charles) of the property in question, to be held by Charles for the mother, and that Joseph replied that he would, but that he, the witness, did not know that the deed ever was made. He testified also that Joseph had asked him to prepare such a deed and had told him that he wanted to put a mortgage of a thousand dollars on the property and would write to his mother for her consent, but afterward said that he had written to the mother and that she had refused to allow him to mortgage the property. It was shown that this witness, at the time he qualified as executor of the estate of his deceased brother, testified that this particular property was the property of the estate. Elizabeth A. O'Brien, the defendant and widow of Joseph, testified that plaintiff had made statements in her presence to Joseph with reference to a division of her property; that she spoke about dividing the property among her children; that Joseph was the last one to marry and that she had said that she was going to divide it among her children; that she had deeded a portion of the Hollywood Ranch to Charles; that she wanted to deed the twenty acres (being the land in question) to ''Joe,'' and she wanted him to waive all right to the home ranch, and was going to divide the Monterey Ranch, one-half to ''Joe'' and one-half to her daughter Anna. This witness testified also that after the burial of Joseph plaintiff had called her aside and had said that she wanted to make two requests; one that she, the widow, should not dispose of the clothes of her husband, and the second that she wanted the witness to ''hold on'' to the twenty-acre piece of property, as it would increase in value and be worth much more as the country in that vicinity was improving. She further testified that the plaintiff to her knowledge had never made any demand for a reconveyance of the property prior to the serving of the written demand on the eleventh day of November, 1909, which was almost a year after the death of Joseph. When the plaintiff was questioned as to whether she had made the statement attributed to her by Elizabeth A. O'Brien, wherein she requested Elizabeth to hold the property and not dispose of it, she answered as follows: ''I don't

think I had such a conversation; I would say I am pretty sure I did not have such a conversation; I don't remember anything about it." This brief statement is sufficient to fairly illustrate the general condition of the evidence as it was submitted in the trial court. The trial judge was called upon to weigh the evidence of alleged oral statements, together with the circumstances shown in proof, and from all of the evidence make his conclusion as to whether the plaintiff had sustained the allegations of her complaint clearly and convincingly; and in this behalf it may be pertinent to quote again from the decision in *Sherman* v. *Sandell,* 106 Cal. 373, [39 Pac. 797], where the court says, referring to an issue similar to those presented here: "This issue is purely one of fact and is to be determined by the trial court, and to the extent that its determination rests upon the mere preponderance of evidence, or upon the consideration of conflicting or contradictory evidence, the finding of the trial court is not open to review in this court." It seems to be conceded by appellant that if, upon the record as presented, any substantial conflict of evidence appears, then as to conclusions of the trial court upon matters of fact affected thereby, the findings cannot be disturbed and must be held to be sufficiently supported by the evidence. If the trial judge, taking into consideration the fact that the conveyance made by the plaintiff was absolute in form and without condition; that plaintiff had stated in the presence of defendant Elizabeth A. O'Brien that it was her intention to distribute her property among her children and to deed the twenty acres in question to Joseph; that upon Joseph's death she made no formal claim against his estate, or the executor thereof, asserting title to the real property, until more than a year after the decease of Joseph; that she stated after Joseph's death to his widow that she wanted her, the widow, not to dispose of the property but to hold it, as it would become more valuable in the future; and, viewing the whole conduct of plaintiff in her relation to her son and the transaction regarding this property, thereupon concluded that the transfer was made as an absolute conveyance and not in trust, it surely cannot be said that such finding finds no substantial support in the evidence.

Error is assigned because it is said that the court did not make a finding sufficient to meet the issue as to the considera-

-tion for which the deed of the land was given by plaintiff to the son Joseph. Plaintiff alleged that the deed was without consideration and the defendant Elizabeth A. O'Brien in her answer denied this allegation and alleged affirmatively that the deed was made for a valuable consideration. The court by the findings determined that the conveyance was made by grant deed "without other consideration than her love and affection for him, and as an absolute gift to said Joseph A. O'Brien." No fault can be found with this finding, in view of the other conclusions reached by the trial judge, for the main issue whether the intention was that absolute title should be passed by the conveyance having been decided against the plaintiff, it was not necessary that the trial judge should have negatived plaintiff's other allegations or affirmatively found upon defendants' allegations in the particular language in which they were couched; the fact was found that the conveyance was made in consideration of love and affection which the mother bore to and for her son and was intended to be by way of gift to him, and under this finding plaintiff was not entitled to judgment. If it were to be conceded for the purposes of argument that the finding complained of was erroneous in the form it was made, no prejudice could result to plaintiff because other material facts were admittedly sufficiently found by the court which would require the judgment to be in favor of defendant Elizabeth A. O'Brien.

It is complained that the trial court erred in admitting in evidence portions of two letters, one of which was shown to have been written by plaintiff to her son Joseph in the year 1895, and the second one shown to have been written by the plaintiff to the son Charles in the year 1896. That portion of the letter first mentioned, which was introduced in evidence, contained the request of plaintiff that Joseph send her a small amount of money to pay the premium on a life insurance policy. The second letter, that from plaintiff to Charles F. O'Brien, contained statements setting forth the intention of plaintiff to deed certain lands, not those in controversy in this action, to Charles for the benefit of the latter and to Joseph, and further evidenced the desire of plaintiff to adjust property matters in the interest of her children. It is argued that, as these letters were written several years prior to the date of the conveyance of the land here in dispute, they were incom-

petent to be proved in the case and irrelevant and immaterial to any issue made by the pleadings. This proof appears to have been competent and relevant. It was not contended at the trial, and is not now, that there had been any change in the disposition of plaintiff toward her sons from the time that these letters were written up to the time of the death of Joseph, and this evidence was undoubtedly competent to be introduced on behalf of either plaintiff or defendant Elizabeth A. O'Brien for the purpose of illustrating, not only the closeness of the relationship between plaintiff and her children, but also in illustrating her intention to transfer her real property in advance of her death to the sons and daughter. In the latter view, the second letter especially was entitled to such weight as the trial judge might assign to it as a declaration and circumstance which would aid him in forming a conclusion as to whether when plaintiff transferred the land in controversy to Joseph she intended that the conveyance should confer absolute ownership upon him, or only a limited interest.

While errors are assigned because of rulings admitting other letters and evidence, counsel for appellant in a very commendable way frankly state that they do not contend that these alleged errors are sufficient to justify a reversal of the order. They point them out for the purpose, as stated, only of showing that the trial court acted upon slight and unsubstantial evidence. That question has already received consideration and calls for no further discussion.

The order appealed from is affirmed.

Allen, P. J., and Shaw, J., concurred.