[Sac. No. 4362. In Bank.—February 25, 1931.]

ALMA TAYLOR et al., Respondents, v. EDWIN BUNNELL, Appellant.

George R. Freeman, Stephen W. Downey and Robert L. McWilliams for Appellant.

Casper A. Ornbaun, Everett H. Roan and R. M. Rankin for Respondents.

SHENK, J.—This is the second appeal in this case, the first having been decided by the District Court of Appeal, Third Appellate District. (*Taylor* v. *Bunnell*, 77 Cal. App. 525 [247 Pac. 240].) The facts recited in the opinion on that appeal, supplemented by what is stated herein, are sufficient for the purposes of this appeal.

The action was brought to establish a constructive trust in certain real property deeded to the defendant, Dr. Edwin Bunnell, by his wife, Margaret A. Bunnell, a short time before her death, and which was her separate property. The trust was sought to be established in favor of the plaintiff, Alma Taylor, who is one of several nieces of the decedent. The plaintiffs alleged that the deed to the defendant was delivered by the decedent upon the parol promise of the defendant made at the time to the grantor that he would convey the property to the plaintiff effective upon his death; that the transaction created, not an estate in fee simple in the grantee which the deed purported to convey, but a life estate in the grantee and a remainder in fee to the plaintiff; that the defendant was therefore a constructive trustee of the interest conveyed to him for said purposes, and that shortly after the death of the grantor the defendant repudiated and denied the existence of the alleged trust.

On the first trial of the action the court found in favor of the defendant. On the appeal from the judgment the District Court of Appeal held that the trial court had erred in admitting in evidence certain statements and declarations of the decedent made subsequent to the time of the delivery of the deed to the defendant. The holding was based on the ground that, having parted with her entire interest in the property, the declarations referred to by the District Court of Appeal were not admissible under any exceptions to the rule forbidding the admission in evidence of hearsay declarations. The District Court of Appeal in its opinion expressly referred to and included within its determination all such

declarations whether favorable to the plaintiff or to the defendant. That court concluded that the admission of declarations favorable to the defendant was prejudicial to the plaintiff on the record presented and reversed the judgment.

On the second trial the parties stipulated that the record of the testimony taken at the former trial might be offered and received in evidence subject to such objections, withdrawals and motions to strike as the parties might desire to make, each party to have the right to supplement the record by additional testimony. The record now before us is substantially the same as that presented to the trial court on the former trial, with the exception of the matters found by the District Court of Appeal to have been objectionable, which were excluded. On this record the trial court made findings of fact and conclusions of law in favor of the plaintiff and rendered the judgment from which the present appeal is taken. In so acting the court proceeded on the assumption that the judgment of the District Court of Appeal so established the law of the case as to leave the trial court no alternative but to find in favor of the plaintiff and order judgment accordingly. This fact is not and cannot be disputed in view of the record before us. Whether this assumption was erroneous is the crux of this appeal. It is necessary therefore now to determine whether the judgment of the District Court of Appeal established the law of the case not only as to the points of law therein determined, but also as to the facts. On the retrial of the action all parties proceeded on the theory that the law of the case controlled the question of the inadmissibility of the evidence which the reviewing court found to be objectionable and to have been admitted to the prejudice of the appellant.

It is the position of the plaintiff that the judgment on the former appeal applied also to the facts. The defendant contends that no such interpretation should be placed on the decision of the District Court of Appeal and that the trial court should have considered itself free to exercise a judicial discretion on the evidence properly admissible.

We think the position of the defendant is well taken. When the transcript of the testimony taken on the former trial and which is now before us on this appeal, is properly considered it cannot be assumed that the District Court of Appeal deemed it within its proper province to weigh the evidence, which was substantial on each side and was sharply

conflicting It may be assumed that it would support findings and judgments either way. This must have been readily apparent to the District Court of Appeal and the fact that that court did not hold the evidence insufficient to support the findings in favor of the defendant is significant.

The fact that the court held the evidence "sufficient to show that the defendant is the owner of only a life estate in the land" is not a holding that the evidence was insufficient to support the findings actually made in favor of the defendant. The facts are quite generally discussed in that opinion, obviously as a background for determining that the errors of law complained of and found to exist were prejudicial. As we read the opinion, that court did not decide, as obviously it could not, that the facts were so far undisputed as to constitute the findings unsupported as a matter of law. It did decide, in response to the argument of the defendant that the errors of law complained of were of material consequence, that such errors were substantial and resulted in prejudice to the plaintiff. Such was the construction of the opinion entertained by this court when the petition for rehearing was denied. While the doctrine of the law of the case is a salutary rule of law, its application will not be extended beyond the exigencies which demand its application. (*Klauber* v. *San Diego St. Car Co.*, 98 Cal. 105 [32 Pac. 876] ; 5 Cal. Jur. 555.) It may be conceded that the decision of the District Court of Appeal is subject to the construction placed upon it by the plaintiff. But it must likewise be conceded, and we think with better reason, that it is subject to the construction placed upon it by the defendant. This is especially true because of the fact that the evidence, apart from that erroneously admitted on behalf of the defendant, was admittedly conflicting and because thereof, and of its substantial character, no question of law was presented thereon for the consideration of the District Court of Appeal, except the question of the prejudicial character of the errors in the light of the whole evidence in the case. It cannot be assumed that the court on the former appeal under these circumstances undertook to decide questions of fact which at that time were within the exclusive province of the trial court to decide. Such is now the law except for the limited extension of power granted to reviewing courts by section 4¾ of article VI of the Constitution added in November, 1928, and section 956a of the

Code of Civil Procedure adopted in 1927 (see *Tupman* v. *Haberkern,* 208 Cal. 256 [280 Pac. 970]), and which is not applicable herein.

In view of the misconception of the trial court as to the effect of the decision of the District Court of Appeal, thereby depriving itself of its power and duty to weigh the evidence and pass upon the same on the merits, the judgment must be reversed.

One other point requires discussion as a guide to the trial court on the retrial. It must not be assumed that on the former appeal it was decided that, upon the mere showing of a confidential relationship between the grantor and grantee, a *prima facie* constructive trust was created and imposed on the grantee. The discussion on that point assumed the existence of the parol promise to hold the land in trust. It thus assumed the fact in issue in this case. It it therefore *obiter* and is not binding as the law of the case. After the showing of the confidential relationship the burden was still upon the plaintiff to prove that the deed was not what it purported on its face to be; in other words, to prove that the transaction did not create a fee-simple interest in the defendant, but that the execution and delivery of the deed to him under all the facts and circumstances surrounding or pertinent to the transaction constituted the defendant a constructive trustee entitled to a life estate with the remainder in fee held for the benefit of the plaintiff. (*O'Brien* v. *O'Brien,* 21 Cal. App. 620, 623, 624 [132 Pac. 612].) The rule is also well established that to prove a trust by parol under a conveyance absolute in its terms the evidence must be clear, satisfactory and convincing. (*Bollinger* v. *Bollinger,* 154 Cal. 695, 703 [99 Pac. 196]; *Harris* v. *Harris,* 136 Cal. 379 [69 Pac. 23].) And whether the evidence in any case is of this character must be determined by the trial court. (*Sherman* v. *Sandell,* 106 Cal. 373 [39 Pac. 797].) No other points require discussion.

The judgment is reversed.

Curtis, J., Richards, J., Waste, C. J., Langdon, J., and Seawell, J., concurred.

Preston, J., did not participate in the foregoing decision.

Rehearing denied.