[No. A028127. First Dist., Div. Three. Dec. 11, 1986.]

LLOYDS BANK CALIFORNIA, as Administrator With the Will Annexed, etc., et al., Plaintiffs and Appellants, v. WELLS FARGO BANK, as Co-executor, etc., et al., Defendants, Cross-defendants and Respondents; AUDREY COHEN, Defendant, Cross-complainant and Respondent.

COUNSEL

Richard H. Foster for Plaintiffs and Appellants.

No appearance for Defendant, Cross-complainant and Respondent.

Kenneth C. Nagel and Pillsbury, Nagel & Atcheson for Defendants, Cross-defendants and Respondents.

OPINION

MERRILL, J.—This appeal arises from litigation between the estates of several members of an extended family over the ownership of a piece of residential real property in San Francisco. The trial court found that at the time of his death, Herbert Cohen (Herbert) was the fee owner of the family residence, and entered judgment for Herbert's estate. Appellants, the estates

of two of Herbert's deceased siblings, contend that the trial court erred in failing to determine that Herbert held the property as trustee for the rest of the family members. We conclude that the judgment was not erroneous and therefore affirm.

I

For the most part, the facts are not in dispute. Appellants expressly do not contest the factual findings made by the trial court in its statement of decision.

The six children of Pinkas and Jenny Cohen, in order of birth, were Gertrude, Audrey, Herbert, Lesly, Melvin and Rita (the Cohen children). While they resided with their parents, the Cohen children each contributed to the support of their parents. In 1923, Pinkas and Jenny Cohen purchased a residence located at 471 12th Avenue in San Francisco (the Residence). Title to the Residence was held by Pinkas and Jenny as joint tenants. The purchase was made with funds which included contributions by several of the Cohen children.

The family moved into the Residence in 1923; one year later, Pinkas died. Within four years of the date of purchase, the mortgage on the Residence was retired. Audrey and Lesly Cohen left the Residence on or before 1952; however, until their deaths they maintained assigned rooms in the Residence along with all of the other family members except for Herbert, who moved from the Residence permanently following his marriage to Jacquelyn M. Cohen in 1979.

In 1944, Jenny Cohen conveyed the Residence to her sons Herbert and Lesly as joint tenants. This conveyance was made by a grant deed acknowledged by her son Melvin, who was a practicing California attorney at the time. In 1959, Lesly had a conversation with his attorney, Richard H. Foster, in which he inquired about the legal effect of the imposition of a federal income tax lien on the Residence, without disclosing to Foster that title to the Residence was in the names of Lesly and Herbert as joint tenants. According to Foster's own testimony, Foster assumed that the Residence was owned by "all the members of the family"; he told Lesly that "because other members of the family also held title to the house it would be improbable that the government would attempt to levy on the house[,]" but that "it would be a disadvantage if they attempted to borrow on the house or if the property was ever sold, then [Lesly's] interest would go to the United States government."

Subsequently, in 1960, Lesly conveyed his interest in the Residence to Herbert by grant deed. Foster was unaware of this transaction. Thereafter, all real property taxes, fire insurance premiums, painting, plumbing and house remodeling expenses were paid out of Herbert's personal bank account, by means of checks signed by Melvin as Herbert's agent.

Rita Cohen died in 1956. Her holographic will left all of her property in equal shares to her brothers and sisters, and designated her brother Melvin as executor. Melvin's inventory of Rita's estate, which he did not file until 1979, failed to include any interest in real property. Lesly Cohen died in 1974; his holographic will, drafted in 1942, named Herbert as his executor. Herbert's inventory of Lesly's estate, filed in 1979, did not include any interest in real property. Melvin Cohen died in 1981. Melvin's holographic will, dated February 1980, declared that "[a]ll property I possess is personal property"; he made no claim to any interest in real property.

Herbert Cohen died in 1981. His will left a life estate in the Residence to Audrey, Gertrude and Melvin, the remaining Cohen children still living on the date of Herbert's will, and directed that upon the death of the last survivor of these three siblings, the real property should go to his wife Jacquelyn. None of the Cohen children had any children of their own.

Audrey was the last surviving member of the Cohen family. In her verified answer to the complaint filed herein, she specifically denied "that [the Residence] is held as tenants in common by the Estates of Herbert, Melvin and Gertrude Cohen, or by Audrey Cohen, each having an equal undivided interest," and she affirmatively alleged that Herbert's will "validly granted to Audrey Cohen a life estate in [the Residence]." In answers to interrogatories propounded to her, Audrey stated that "[a]ll members of the [Cohen] family treated the property as the family home at all times." She did not claim that Herbert had held the Residence as a trustee for her benefit or for the benefit of any other member or members of the Cohen family.

## II

■ Appellants contend that the uncontested findings of the trial court require a determination that Herbert only held title to the Residence as a trustee of a resulting trust in favor of the other family members. ■ A resulting trust arises by operation of law from a transfer of property under circumstances showing that the transferee was not intended to take the beneficial interest. (Rest. 2d Trusts, § 404; 7 Witkin, Summary of Cal. Law (8th ed. 1974) Trusts, § 123, p. 5481.) Such a resulting trust carries out and enforces the inferred intent of the parties. (7 Witkin, *op. cit. supra,* at p. 5481; *Johnson* v. *Clark* (1936) 7 Cal.2d 529, 533 [61 P.2d 767]; *American*

*Motorists Ins. Co.* v. *Cowan* (1982) 127 Cal.App.3d 875, 884-885 [179 Cal.Rptr. 747].) "Ordinarily a resulting trust arises in favor of the payor of the purchase price of the property where the purchase price, or a part thereof, is paid by one person and the title is taken in the name of another. [Citations.] 'The trust arises because it is the natural presumption in such a case that it was their intention that the ostensible purchaser should acquire and hold the property for the one with whose means it was acquired.' [Citations.]" (*Martin* v. *Kehl* (1983) 145 Cal.App.3d 228, 238 [193 Cal.Rptr. 312].) Under Civil Code section 853, "[w]hen a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made." ■■ Relying heavily on this section, appellants urge that because all the Cohen brothers and sisters contributed to their parents' purchase of the Residence and treated the property as a family home at all times, the presumption arises that the Residence was held by Herbert in a resulting trust for the rest of his family.

There is no merit to appellants' contention. The record is devoid of any evidence that in conveying the Residence to her sons Herbert and Lesly as joint tenants, Jenny Cohen *intended* that they share title to and ownership of the property with the rest of the Cohen children, or that they were only trustees of the property without beneficial interest therein. ■■ To the contrary, where the grantee of property is the child or other natural object of the affections of the grantor, a presumption arises of a gift or advancement. (*Altramano* v. *Swan* (1942) 20 Cal.2d 622, 628 [128 P.2d 353]; 7 Witkin, *op. cit. supra,* § 130, p. 5487.) "'Section 853 of the Civil Code is but a formal declaration of the old and well-established doctrine of equity that a resulting trust arises in favor of a purchaser who pays the consideration money and takes the conveyance in the name of a third person. There are, however, exceptions, to this doctrine. It is well settled that one exception to the rule is found in transactions between parent and child. [Citations.] These transactions are presumed to be in the nature of gifts, advancements or bounties. In short, the existence of the relationship of parent and child is a circumstance which *prima facie* establishes the presumption of an advancement and thereby rebuts the presumption of a resulting trust.'" (Italics in original.) (*Estate of Schechtman* (1958) 162 Cal.App.2d 365, 370 [328 P.2d 478], quoting *Quinn* v. *Reilly* (1926) 198 Cal. 465, 467-468 [245 P. 1091].) ■■ Here, the evidence supports the conclusion that Jenny intended to give or advance the Residence to Herbert and Lesly as joint tenants unconditionally, and without any trust restrictions for the benefit of other family members.

Moreover, there is no evidence that in transferring ownership of the Residence to Herbert in 1960, Lesly intended to make Herbert a trustee

either for himself or for the other Cohen children. Lesly never asserted orally or in writing that he intended to convey his interest in the property to Herbert conditionally or in trust; there is no evidence that Lesly restricted or qualified his conveyance to Herbert, that he ever sought to recover his prior interest therein, that he ever told Melvin or his sisters that he intended them to have an interest in the property, or indeed that he took any interest in the property whatsoever during the 14 years between his conveyance of the property to Herbert and his death. In the more than 20 years between that conveyance and Herbert's death, all payments for real property taxes, fire insurance premiums, plumbing, painting and remodeling expenses were paid by checks drawn on Herbert's personal bank account.

Neither is there any evidence in the record that any of the Cohen children claimed any ownership interest in the Residence, either at the time it was conveyed to Herbert and Lesly or after Lesly conveyed his joint tenancy interest to Herbert. To the contrary, none of the inventories of the estates of those brothers and sisters who predeceased Herbert contained any real property at all. Melvin Cohen, a practicing attorney who lived in the Residence his entire life until his death, acknowledged the grant deed conveying the Residence from Jenny to Herbert and Lesly and acted as executor of the estate of his sister Rita Cohen. In both the inventory of Rita's estate which he prepared and in his own will, Melvin included only personal property, making no mention of the Residence. Indeed, Audrey Cohen—the only Cohen sibling still alive at the time suit herein was filed—specifically denied that ownership in the Residence was held in common by the Cohen children, and affirmatively alleged that Herbert's will validly granted her only a life estate in the Residence.

▮▮ Although partial payment of the consideration for property may give rise to a resulting trust to the extent of the payment, the burden is on the party who asserts a pro tanto trust to establish with definiteness and specificity the proportional amount contributed. (*Socol* v. *King* (1950) 36 Cal.2d 342, 348 [223 P.2d 627]; *Martin* v. *Kehl, supra,* 145 Cal.App.3d at pp. 238-239; 7 Witkin, *op. cit. supra,* § 126, p. 5484.) ▮▮ Appellants make no attempt whatsoever to demonstrate the precise amounts of the original purchase price furnished or contributed by the various Cohen children to their parents. Their failure to provide this evidence defeats their claim of a resulting trust. ▮▮ "A resulting trust cannot be enforced in favor of a person who has paid part of the consideration for the transfer of property unless it is possible to clearly establish the amount of money contributed by him [or her] or the proportion of his [or her] contribution to the whole purchase price. [Citations.] One who claims a resulting trust in land must establish clearly, convincingly and unambiguously, the precise amount or proportion of the consideration furnished by him [or her]. [Ci-

tation.] If the claimant does not, then the presumption of ownership arising from the legal title is not overcome and a resulting trust will not be declared. [Citations.]" (*Laing* v. *Laubach* (1965) 233 Cal.App.2d 511, 517 [43 Cal.Rptr. 537]; see *Socol* v. *King, supra,* 36 Cal.2d at p. 348.)

### III

■ There is no merit to appellants' contention that because Lesly had named Herbert as his executor in his holographic will, Herbert occupied a fiduciary position with respect to his brother Lesly and therefore must be held to have been the constructive trustee of the Residence for Lesly's benefit. Lesly drafted his own will in 1942. This was 2 years before Jenny deeded the Residence to him and Herbert, 18 years before he deeded the Residence to Herbert, and 32 years before he died. There is no evidence whatsoever that Herbert even knew of the existence of this will prior to Lesly's death in 1979. Lesly's conduct after deeding the Residence to Herbert demonstrated that he had no interest in it, and that he claimed no beneficial rights thereto. In short, there was no evidence that Herbert was a fiduciary with respect to Lesly or the other members of the Cohen family.

Even if the fact that Lesly had named Herbert his executor in his will created a fiduciary or confidential relationship between the two, this would not give rise to any presumption that Lesly's conveyance of the property to Herbert was in trust for himself, much less for the other Cohen children. (*Sampson* v. *Bruder* (1941) 47 Cal.App.2d 431, 435 [118 P.2d 28]; *Taylor* v. *Bunnell* (1931) 211 Cal. 601, 606 [296 P. 288]; *O'Brien* v. *O'Brien* (1913) 21 Cal.App. 620, 624 [132 P. 612].) ■ "The rule is . . . well established that to prove a trust by parol under a conveyance absolute in its terms the evidence must be clear, satisfactory and convincing. [Citations.] And whether the evidence in any case is of this character must be determined by the trial court. [Citation.]" (*Taylor* v. *Bunnell, supra,* 211 Cal. at p. 606.) ■ The trial court's determination that Lesly's conveyance of his ownership interest in the Residence to Herbert did not create a trust for Lesly or for the other Cohen children is supported by the complete absence of evidence that the conveyance was anything other than what it purported to be on its face.

### IV

This brings to a close the saga of this close-knit old-line San Francisco family. We do not fault any of the parties for the positions taken in this action as there were legitimate issues requiring resolution. We do believe that if these devoted siblings were with us today, they would feel they had

"their day in court" and would be pleased by the expeditious manner in which these proceedings were conducted by a fair-minded trial judge.

The judgment is affirmed.

Scott, Acting P. J., and Barry-Deal, J., concurred.

Appellants' petition for review by the Supreme Court was denied February 25, 1987.