MEMORANDUM *
We reverse the conclusion of the bankruptcy appellate panel (BAP) and the bankruptcy court that a resulting trust was formed in favor of Hortencia Rosa with respect to certain real property which was owned in the name of the debtor, Dolores Garcia. “A resulting trust arises by operation of law from a transfer of property under circumstances showing that the transferee was not intended to take the beneficial interest.” Lloyds Bank of Cal. v. Wells Fargo Bank, 187 Cal. App.3d 1038, 1042, 232 Cal.Rptr. 339 (1986) (citing Restatement (Second) of Trusts § 404) (emphasis added); In re Sale Guar. Corp., 220 B.R. 660, 664 (9th Cir.BAP1998) (same).
Both the bankruptcy judge and the BAP correctly concluded that the initial transaction between Garcia and the sellers did not create a resulting trust in favor of Rosa, because the parties clearly intended that Garcia would have the beneficial interest in the property and would ultimately repay Rosa for the down payment. Restatement (Second) of Trusts § 445 (‘Where a transfer of property is made to one person and the purchase price is advanced by another *487 as a loan to the transferee, no resulting trust arises.”). However, the bankruptcy judge and BAP then both considered a “second time period,” beginning in 1996, when Garcia was unable to make the payments and Rosa took over. Because Rosa and Garcia orally intended for Rosa to become the beneficial owner at this time, both the lower courts found that a resulting trust existed under California law.
However, an essential element was missing from the sisters’ 1996 agreement — a transfer of the property. See Lloyds Bank, 187 Cal.App.3d at 1042, 232 Cal.Rptr. 339. The only transfer of the property occurred in 1995, at a time when the intent of the parties was for Garcia to be both the legal and beneficial owner. In 1996, Rosa agreed to assume Garcia’s obligation to pay the remainder of the purchase price to the sellers, the Duartes. At common law, however, the intention of the parties at the time of the transfer controls: “Where a transfer of property is made to one person, no resulting trust arises merely because another person subsequently pays or assumes an obligation to pay for the property.” Restatement (Second) of Trusts § 457.
The comment to Section 457 further illustrates this principle, explaining that where the purchaser (Garcia) takes an obligation to pay the seller (the Duartes) the purchase price on credit, the fact that another person subsequently pays the purchase price “is not sufficient to create a resulting trust in [her] favor, although at the time of the payment it is agreed that [she] shall have the beneficial interest in the property.” Restatement (Second) of Trusts § 457, cmt. a. The restatement emphasizes that a resulting trust does not arise from this arrangement unless the other person pays or agrees to pay the purchase price at the time of the purchase/transfer. Id.
California adheres to this common law principle. In Martin v. Kehl, 145 Cal. App.3d 228, 239, 193 Cal.Rptr. 312 (1983), the parties each contributed 50-50 to the down payment on a piece of property, but title was taken only in Kehl’s name. Kehl then made most of the subsequent payments on the note. The court, however, found that the fact Kehl had contributed more than 50% of the overall purchase price did not matter, and that, based on the original intentions of the parties at the time of the transfer, she held half of the property in resulting trust for Martin. Id. at 243, 193 Cal.Rptr. 312 (“proportional payment of consideration at the time of conveyance must be distinguished from subsequent monetary contributions ... for installment payments after the title has been acquired, which do not secure an interest by way of a resulting trust”); see also Keene v. Keene, 57 Cal.2d 657, 667, 21 Cal-Rptr. 593, 371 P.2d 329 (1962) (holding that a resulting trust cannot be predicated upon contributions occurring after legal title had vested in defendant).
Because the parties did not intend for Rosa to be the beneficial owner of the property at the time of the original transfer, and because no additional transfer of the property occurred when the parties changed their intentions in 1996, no resulting trust was created in favor of Rosa under California law.[1] We reverse and remand to the bankruptcy court for further proceedings in accordance with this disposition.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. Because we reach this conclusion, we do not reach the additional issues presented on appeal regarding the trustee’s strong arm powers.