Filed 8/16/22  Sanceri v. Anderson CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| KATHERINE SANCERI, | B307979 |
| Plaintiff and Appellant, | Los Angeles County Super. Ct. No. VC066546 |
| v. | |
| BARBARA ANDERSON, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Olivia Rosales, Judge.  Affirmed.

Velasco Law Group and Richard J. Radcliffe for Plaintiff and Appellant.

Klinkert, Gutierrez & Neavel and James E. Klinkert for Defendant and Respondent.

Plaintiff Katherine Sanceri sued her sister, Barbara Anderson, alleging Anderson owed her part of the proceeds from the sale of property that once belonged to their father. The trial court granted summary judgment after finding Sanceri did not have an interest in the property at the time of the sale. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Sanceri's and Anderson's father owned a house in Norwalk (the Property), which he quitclaimed to Anderson in January 2013. After their father's death, Anderson allowed Sanceri to live in the house without paying rent. She told Sanceri their father said the house was "for you girls."

At some point, Anderson decided to sell the Property, but Sanceri wanted to continue living on it. Anderson offered to sell Sanceri the Property and give her "credit toward equity." Sanceri instead asked her daughter, Jade Sanceri, to buy the Property and allow her to continue living in the house. Jade agreed and told Sanceri that, when she sold the Property in the future, she would give Sanceri the same amount Anderson received in the original sale.

To facilitate the sale to Jade, Sanceri signed a notarized acknowledgement (the Release) stating she "release[s] all interest in the property." The same day, she signed a separate notarized statement explaining why she signed the Release. According to the statement, Sanceri signed the Release "stating I have no rights to the property for only one reason. [¶] [Anderson] called and said she needs it to protect Jade Sanceri, who is purchasing the property. Nikki, the escrow lady, said the title company needs the document also. . . . [¶] The property was always intended to be split between Mike Sanceri's daughters.

2

I was not there when he signed the house to my sister, nor did my dad, Mike Sanceri, ever tell me the house was to go to her alone. [¶] If [Anderson] dies before the house is purchased by Jade Sanceri or if Jade Sanceri does not get this house, I will pursue my rights to half of my father[']s estate."

Anderson sold the Property to Jade for $306,000 in November 2015. Anderson gifted Jade around $124,000 in equity, and Anderson received $118,000 in cash from the sale. Sanceri continued living in the house.

About two years after the sale, Sanceri filed a pro per complaint against Anderson stating causes of action for conversion, fraud, cancellation of instrument, declaratory relief, unjust enrichment, and resulting trust. Sanceri alleged she held a "one-half possessory, legal and/or equitable interest" in the Property, which entitled her to half the proceeds from its sale. Sanceri further alleged that Anderson promised her the Release would not affect her right to half the proceeds from the sale. Sanceri insisted she would not have signed the Release if she had known Anderson would not follow through on her promise. Sanceri sought, among other things, $183,600 in damages, cancellation of the Release, and a resulting trust over half the proceeds from the sale of the Property. Sanceri attached to the complaint the Release, the notarized explanation for the Release, and an April 2015 email in which Anderson wrote: "I did not take the house for dad[']s needs. What dad said was this house is for you girls . . . ."

Anderson moved for summary judgment, or in the alternative summary adjudication, on the basis that there were no triable issues of fact as to any of Sanceri's causes of action. Anderson argued the Release conclusively showed Sanceri did

3

not have an interest in the Property when Anderson sold it to Jade, which defeated all of Sanceri's claims.

Anderson requested the court take judicial notice of the documents attached to Sanceri's complaint. She also submitted declarations from herself and Jade that established the facts summarized above. Anderson and Jade denied making any misrepresentations in connection with the sale.

In opposition, Sanceri claimed she asked Anderson to gift her the Property, but Anderson refused. Sanceri then convinced Jade to purchase the Property for her. Sanceri agreed to sign the Release to "have the title go thru smoothly," but no one told her she would lose her rights to the Property. Sanceri and Jade stopped speaking to one another while Jade was in the process of buying the Property. Jade then insisted the Property was hers and asked Sanceri to move.

Sanceri also claimed her father had agreed to give her the Property upon his death, and he did not realize he had quitclaimed the Property to Anderson. Sanceri submitted an email from her father's attorney stating he believed the father did not understand that he had signed a quitclaim deed. Sanceri insisted she also had recordings from her father in which he said he wanted her to have the house. Sanceri, however, did not submit the recordings because she was in the process of having them transcribed.

Sanceri further relied on several emails that she claimed showed Anderson admitting she had an interest in the Property. In addition to Anderson's April 2015 email, Sanceri submitted a November 2014 email in which she asked Anderson to quitclaim half the Property to her. Anderson responded that there could be

4

problems if they did not agree on what to do with the Property, and "[r]ight now I'm not going to put us in that situation."

The court granted Anderson's motion after finding the Release "evidences that [Sanceri] had no ownership interests or right to possession of the Subject Property at the time of the alleged conversion." The court also found Sanceri "fail[ed] to sufficiently produce evidence of any statement/misrepresentation that could be actionable as fraud—particularly where [Anderson] ultimately sold the Subject Property to [Sanceri's] daughter." Because all of Sanceri's claims were premised on the alleged conversion and fraudulent misrepresentations, the court concluded Anderson was entitled to summary judgment.

The court entered judgment for Anderson, and Sanceri timely appealed.

## DISCUSSION

### 1. *Standard of review*

A defendant moving for summary judgment has the initial burden to show that one or more essential elements of the plaintiff's causes of action cannot be established, or that there is a complete defense to them. (Code Civ. Proc., § 437c, subd. (o); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849; *Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768 (*Saelzler*).) " 'Once the defendant . . . has met that burden, the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto. The plaintiff . . . may not rely upon the mere allegations or denials' of his 'pleadings to show that a triable issue of material fact exists but, instead,' must 'set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto.' " (*Aguilar,* at

p. 849, quoting Code Civ. Proc., § 437c, subd. (o)(2).) Summary judgment is properly granted if all the papers submitted show no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Aguilar,* at p. 843; *Sanchez v. Kern Emergency Medical Transportation Corp.* (2017) 8 Cal.App.5th 146, 152.)

We review a trial court's ruling granting summary judgment de novo. (*Saelzler, supra,* 25 Cal.4th at p. 768.) In doing so, we liberally construe evidence presented in opposition to a summary judgment motion, and we resolve any doubts in favor of the party opposing the motion. (*Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.)

## 2. *Sanceri's procedural arguments lack merit*

Sanceri contends Anderson's motion failed as a matter of law because it did not comply with rule 3.1350(d)(1) of the California Rules of Court. Under rule 3.1350(d)(1), the moving party's separate statement of undisputed material facts must separately identify each cause of action, claim, or issue that is the subject of the motion, and separately identify the facts claimed to be without dispute as to each. Anderson's separate statement did not separately identify the causes of actions, claims, or issues that were the subject of the motion.

Initially, Sanceri did not make this argument below, which forfeits it on appeal. (*Doers v. Golden Gate Bridge, etc.* (1979) 23 Cal.3d 180, 184, fn. 1 (*Doers*) [" 'An appellate court will ordinarily not consider procedural defects or erroneous rulings . . . where an objection could have been but was not presented to the lower court . . . .' "].) Even if we were to overlook the forfeiture, we would reject the argument on the merits. Contrary to Sanceri's suggestions, "the court's power to deny summary judgment on

6

the basis of failure to comply with California Rules of Court, rule 3.1350 is discretionary, not mandatory." (*Truong v. Glasser* (2009) 181 Cal.App.4th 102, 118.) Sanceri does not explain how the alleged deficiency in Anderson's separate statement impaired her ability to oppose the motion for summary judgment. As a result, she has not shown the trial court abused its discretion by considering the motion on the merits. (See *ibid*.)

Sanceri alternatively argues Anderson's motion was defective because it did not comply with rule 3.1350(b) of the California Rules of Court, which states: "If summary adjudication is sought, whether separately or as an alternative to the motion for summary judgment, the specific cause of action, affirmative defense, claims for damages, or issues of duty must be stated specifically in the notice of motion and be repeated, verbatim, in the separate statement of undisputed material facts."

Once again, Sanceri did not make this argument below, which forfeits it on appeal. (*Doers, supra*, 23 Cal.3d at p. 184, fn. 1.) It also lacks merit. Rule 3.1350(b) of the California Rules of Court applies only to motions for summary adjudication. The trial court granted Anderson's motion for summary judgment, so it did not consider her alternative motion for summary adjudication. As a result, any failure to comply with rule 3.1350(b) was necessarily harmless.

3. ***The trial court properly granted Anderson's motion for summary judgment***

Sanceri contends the trial court erred in granting Anderson's motion for summary judgment because Anderson did not meet her initial burden, the court evaluated the evidence under the wrong standard, and Sanceri's evidence showed

7

disputed issues of material fact. Although framed differently, all of Sanceri's arguments are premised on her assertion that the court ignored the April 2015 email, in which Anderson wrote, "What dad said was this house is for you girls." Sanceri insists the email shows their father intended to convey the Property to both sisters, despite transferring title solely to Anderson. According to Sanceri, this created a resulting trust and entitled her to half the proceeds from the sale of the Property.[1]

Even assuming Sanceri held a one-half interest in the Property as of April 2015, Anderson was nevertheless entitled to summary judgment because the undisputed evidence shows Sanceri relinquished her interest before the sale. The Release, which Sanceri executed on October 3, 2015, explicitly states Sanceri "release[s] all interest in the [Property]." Anderson sold the Property to Jade in November 2015. Because Sanceri released her interest in the Property before the sale, she was not entitled to any proceeds from it, at least absent some other agreement with Anderson (for which there is no evidence in the record). This defeats Sanceri's causes of action for conversion, declaratory relief, unjust enrichment, and resulting trust, all of which were premised on her claim to half the proceeds from the sale. Sanceri, moreover, does not directly challenge the trial court's ruling with respect to the remaining causes of action for fraud and cancellation of instrument. Accordingly, she has not shown the trial court erred in granting summary judgment.

---

[1]     A resulting trust "arises by operation of law from a transfer of property under circumstances showing that the transferee was not intended to take the beneficial interest." (*Lloyds Bank California v. Wells Fargo Bank* (1986) 187 Cal.App.3d 1038, 1042.)

Sanceri contends that, when read in conjunction with her notarized explanation for the Release, it is apparent she did not intend for the Release to give up her rights to the proceeds from the sale. Instead, according to Sanceri, she intended to release only her rights to the Properly itself, which she did for the sole purpose of facilitating the sale to Jade.

Sanceri's attempt to distinguish her rights to the Property from her rights to the proceeds from its sale is unavailing. Sanceri's rights to the proceeds from the sale arose out of her rights to title or possession of the Property. Sanceri gave up the latter rights when she executed the Release. In doing so, she also gave up her rights to the proceeds from the sale.

Sanceri alternatively argues that, notwithstanding the Release, Anderson was estopped from denying her interest in either the Property or the proceeds from its sale. Although far from clear, we presume the estoppel argument is based on the April 2015 email, in which Anderson arguably acknowledged Sanceri's interest in the Property. As discussed above, Sanceri subsequently relinquished any interest in the Property by executing the Release. As a result, the April 2015 email is irrelevant, and there is no estoppel.

**DISPOSITION**

The judgment is affirmed. Barbara Anderson is awarded her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, J.

We concur:



LAVIN, Acting P. J.



KALRA, J.*

---

\*      Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.