60 Cal.Rptr.3d 526 (2007)
151 Cal.App.4th 867
ESTATE of Leona W. YOOL, Deceased.
Joseph M. Starita, as Special Administrator, etc., et al., Petitioners and Respondents,
v.
Bart Yool et al., Objectors and Appellants.
No. A114787.
Court of Appeal of California, First District, Division Four.
May 31, 2007.
*528 Steven R. Faires, Law Offices of Steven R. Faires, Walnut Creek, for Appellants.
Maurice P. Schwartz, Collins & Schwartz, for Respondent Joseph M. Starita.
Joseph Towey, Walnut Creek, for Respondent Nancy Mattingly.
*527 REARDON, J.
Two children of the decedent attack the order on a petition in probate directing the administrator of their mother's estate to quitclaim to their sister any interest of the estate in certain real property. In reaching this decision, the court rejected the siblings' assertion that the petition was barred by the one-year statute of limitations set forth in Code of Civil Procedure section 366.2. As we explain, this decision is correct. Section 366.2 pertains to actions on the "liability of the person" that survive the decedent's death. The petition asserted a resulting trust. This doctrine does not implicate the personal liability of a decedent. Nor was there any cause of action, whether accrued or not accrued, that existed at the time of death. Accordingly, we affirm the order.

I. BACKGROUND
The facts as set forth in the agreed statement are undisputed. Leona W. Yool (decedent or Yool) died on July 29, 2002, and was survived by four children. Decedent bequeathed all her property to a trust, with her four children as equal beneficiaries. Respondent Joseph M. Starita was appointed as the special administrator of decedent's estate in April 2003.
In October 1993, decedent and respondent daughter Nancy Mattingly acquired record title to a residence in Oakley, California. The deed of reconveyance did not specify the nature or extent of their respective interests. Decedent's interest in the Oakley property was not placed in decedent's trust prior to her death.
Following Yool's death, Mattingly asserted that decedent had provided no consideration for the property, never intended to take beneficial title, and accepted legal title as a mere accommodation to facilitate financing. Mattingly argued that the facts supported imposition of a resulting trust in her favor.
*529 To resolve the matter, on July 31, 2003, the special administrator filed a petition under Probate Code [1] section 850 "to determine title to real property and to require transfer to party entitled thereto." Therein he indicated, among other matters, that Mattingly alleged her mother frequently disclaimed any interest in the property and frequently spoke of putting title solely in Mattingly's name, but never did before her death. Appellants Bart Yool and Cheryl Schwab, Mattingly's siblings, moved for judgment on the pleadings, arguing that the petition was untimely under Code of Civil Procedure section 366.2. Denying the motion, the probate commissioner ruled, among other points, that section 366.2 does not apply to actions for resulting trusts.
At the conclusion of the hearing on the section 850 petition, the probate court ruled that the evidence supported imposition of a resulting trust in Mattingly's favor, and, as a matter of law, Code of Civil Procedure section 366.2 did not apply. Consequently, it ordered the administrator to execute and record a deed quit-claiming any record interest of the estate in the Oakley property to Mattingly. This appeal followed.

II. DISCUSSION
Appellants are adamant that Code of Civil Procedure section 366.2 governs, and thus bars, Mattingly's claim for resulting trust commenced under section 850. We do not agree.

A. Legal Framework

1. Code of Civil Procedure Section 366.2 and the Creditor Claims Provisions

Section 366.2, subdivision (a) states: "If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply." The reference to an "action" on the liability of a decedent relates to the statutory definition of "action": "An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (Id., § 22.) The section 366.2 limitation period may be tolled by the timely filing of a creditor's claim or a petition to file a late claim, among other events. (Id, subd. (b); § 9000 et seq.)
"The overall intent of the Legislature in enacting Code of Civil Procedure former section 353[2] was to protect decedents' estates from creditors' stale claims." (Collection Bureau of San Jose v. Rumsey (2000) 24 Cal.4th 301, 308, 99 Cal.Rptr.2d 792, 6 P.3d 713 (Rumsey).) Recommending the one-year statute of limitations commencing with a decedent's death, the California Law Revision Commission (Commission) explained that such period "will best effectuate the strong public policies *530 of expeditious estate administration and security of title for distributees, and is consistent with the concept that a creditor has some obligation to keep informed of the status of the debtor.... [Further], it is an appropriate period to afford repose and provide a reasonable cutoff for claims that soon would become stale." (Recommendation Relating to Notice to Creditors in Estate Administration (Dec. 1989) 20 Cal. Law Revision Com. Rep. (1990) pp. 512-513, fn. omitted (Recommendation).)
The Commission also made it clear that "the one year statute of limitations is intended to apply in any action on a debt of the decedent, whether against the personal representative under Probate Code Sections 9350 to 9354 (claim on cause of action), or against another person, such as a distributee under Probate Code Section 9392 (liability of distributee), a person who takes the decedent's property and is liable for the decedent's debts under Sections 13109 (affidavit procedure for collection or transfer of personal property), 13156 (court order determining succession to real property), 13204 (affidavit procedure for real property of small value), and 13554 (passage of property to surviving `spouse without administration), or a trustee." (Recommendation, supra, 20 Cal. Law Revision Com. Rep. at p. 515, italics added.)
Summing up this history, the court in Rumsey stated: "It thus appears that when the amendments to [Code of Civil Procedure] former section 353 were enacted, they were done so with the clear understanding and intent that such provisions would govern and apply to 'any action on a debt of the decedent'...." (Collection Bureau of San Jose v. Rumsey, supra, 24 Cal.4th at p. 308, 99 Cal. Rptr.2d 792, 6 P.3d 713, italics added.)
Section 9000 et seq. details the procedures pertaining to creditor claims against a decedent's estate. Creditors must file a claim in a probate proceeding within the later of four months after the appointment of a personal representative, or within 60 days after notice. (§ 9100, subd. (a)(1), (2).) The term "claim" is defined as including "a demand for payment for any of the following, whether due, not due, accrued or not accrued, or contingent, and whether liquidated or unliquidated: [K] (1) Liability of the decedent, whether arising in contract, tort, or otherwise." (§ 9000, subd. (a)(1).) This language is nearly identical to the language of Code of Civil Procedure section 366.2, subdivision (a), which governs actions "on a liability of the person, whether arising in contract, tort, or otherwise," "whether accrued or not accrued...."[3] Once a claim has been filed and rejected, in whole or in part, the creditor has three months to commence an action on the claim.[4] (§§ 9351, 9353, subd. (a).)
Expressly excluded from the definition of a claim is "a dispute regarding title of a decedent to specific property alleged to be included in the decedent's estate." (§ 9000, subd. (b).) Such claims properly can be resolved under section 850. That statute permits the personal representative or any interested person to file a petition in probate requesting a court order "[w]here the decedent died in possession of, or holding title to, real or personal property, and the property or some interest therein is claimed to belong to another." (§ 850, *531 subd. (a)(2)(C).)[5] Under section 856, "if the court is satisfied that a conveyance, transfer, or other order should be made, the court shall make an order authorizing and directing the personal representative ... to execute a conveyance or transfer to the person entitled thereto...."

2. Resulting Trust Doctrine

"A resulting trust arises by operation of law from a transfer of property under circumstances showing that the transferee was not intended to take the beneficial interest. [Citations.] Such a resulting trust carries out and enforces the inferred intent of the parties. [Citations.] 'Ordinarily a resulting trust arises in favor of the payor of the purchase price of the property where the purchase price, or a part thereof, is paid by one person and the title is taken in the name of another. [Citations.] "The trust arises because it is the natural presumption in such a case that it was their intention that the ostensible purchaser should acquire and hold the property for the one with whose means it was acquired." [Citations.]'" (Lloyds Bank California v. Wells Fargo Bank (1986) 187 Cal.App.3d 1038, 1042-1043, 232 Cal.Rptr. 339.) In other words, the relationship between resulting trustee and beneficiary arises where one, in good faith, acquires title to property belonging to another. The law implies an obligation on the part of the one in whom title has vested to hold the property for the owner's benefit and eventually convey it to the owner. The trustee has no duties to perform, no trust to administer, and no purpose to pursue except the single purpose of holding or conveying the property according to the beneficiary's demands. (Bainbndge v. Stoner (1940) 16 Cal.2d 423, 428, 106 P.2d 423.)
The applicable statute of limitations on an action to establish a resulting trust is the four-year statute found in Code of Civil Procedure section 343. (McCosker v. McCosker (1954) 122 Cal.App.2d 498, 501, 265 P.2d 21.) The statute of limitations does not begin to run against a voluntary resulting trust in the absence of repudiation by the trustee, that is, until demand has been made upon the trustee and the trustee refuses to account or convey. (Berniker v. Berniker (1947) 30 Cal.2d 439, 447-448, 182 P.2d 557.)

*532 B. Analysis

Appellants are convinced that Code of Civil Procedure section 366.2 applies to "any cause of action asserted against a decedent, regardless of when the cause of action accrues," and this applicability includes "a proceeding to resolve title disputes under the Probate Code." (Capitalization omitted.) Not so.
First, appellants focus on the general term "liability" but, by its plain terms, the statute speaks of a "liability of the person ..." (Code Civ. Proc., § 366.2, subd. (a), italics added.) Thus we must consider whether the claim framed by the petition concerned the personal liability of the decedent. (See Dawes v. Rich (1997) 60 Cal.App.4th 24, 34-36, 70 Cal.Rptr.2d 72, holding that any liability on the part of the trustees of the decedent wife's estate for the debts incurred by the husband during marriage, growing out of the transfer of community property upon the wife's death, was a personal liability within the meaning of the term "liability of the person" in Code Civ. Proc., former § 353 and thus subject to the one-year limitation period set forth therein.)
Here the case framed by the petition filed by the special administrator called for imposition of a resulting trust. The allegations did not state a cause of action "on a liability of the person" as is required to invoke the limitation period of Code of Civil Procedure section 366.2, subdivision (a). Liability of the person, or "personal liability" means "[liability for which one is personally accountable and for which a wronged party can seek satisfaction out of the wrongdoer's personal assets." (Black's Law Diet. (8th ed.2004) p. 933.) In the context of an action to decree a resulting trust or quiet title based on a resulting trust theory, the matter adjudicated would concern whether the presumption of a resulting trust arose under the facts. Because the trustee holds title, but does not own the property in question, there is no issue of personal liability or resort to the trustee's assets. A resulting trust arises by operation of law' Lloyds Bank California v. Wells Fargo Bank, supra, 187 Cal.App.3d at p. 1042, 232 Cal.Rptr. 339) and does not implicate the personal liability of the purported trustee. Rather, the trustee's sole purpose is to hold or convey the property according to the beneficiary's demands. (Bainbridge v. Stoner, supra, 16 Cal.2d at p. 428, 106 P.2d 423.)
This conclusion is further bolstered by the legislative history of Code of Civil Procedure section 366.2, which makes it clear that the provision pertains to debts, that is, to claims resulting from the relationship between the debtor and the creditor. As the Commission emphasized, the statute of limitations set forth in Code of Civil Procedure former section 353[6] (restated in § 366.2 without substantive change) was "intended to apply in any action on a debt of the decedent ...." (Recommendation, supra, 20 Cal. Law Revision Com. Rep. at p. 515, italics added; see also Levine v. Levine (2002) 102 Cal.App.4th 1256, 1265, 126 Cal.Rptr.2d 255, describing § 366.2 as the one-year statute applying "to all debts of the decedent regardless of whom the claims are brought against" (italics added).)
As well, contrary to appellants' assertions, additional support is found in the definition of a "claim" as used in the statutes prescribing rules for initiating and pursuing creditor claims. (§ 9000 et seq.) This definition, which closely tracks the "liability of the person, whether arising in contract, tort, or otherwise, and whether *533 accrued or not accrued" language of Code of Civil Procedure section 366.2, expressly excludes from its ambit any dispute regarding decedent's title to specific property alleged to be part of the estate. (§ .9000, subds. (a), (b).) We are mindful that in ascertaining legislative intent, we do not construe statutes in isolation. Rather, we read every statute with reference to the entire system of law of which it is a part, so that the whole may be harmonized and retain effectiveness. (In re Merrick V. (2004) 122 Cal.App.4th 235, 251-252, 19 Cal.Rptr.3d 490.) Code of Civil Procedure section 366.2 and section 9000 are intertwined; each is integral to the procedural framework regulating the timing of actions and the filing of claims by creditors on the personal liability of a decedent.
Code of Civil Procedure section 366.2 does not apply for another fundamental reason: At the time of Yool's death, nothing had occurred to affect the rights of Mattingly, the beneficiary of the resulting trust. The mere lapse of time, without repudiation, does not affect the beneficiary's rights. (Conway v. Moore (1945) 70 Cal.App.2d 166, 173, 160 P.2d 865.) Section 366.2 specifically contemplates an action that may be brought against a person prior to his or her death. Under the facts of this case there was no cause of action, accrued or not yet accrued, that existed at the time of decedent's death within the sense of section 366.2 and hence no action that could have been commenced on that cause. Yool had not repudiated the resulting trust or shown any resistance to conveying the property. Indeed, under the facts developed below, it is apparent that if Mattingly had asked, Yool would have conveyed title to Mattingly and the matter would never have seen the legal light of day. The legal issue of who owned the Oakley property and to whom it should be conveyed only arose after Yool's death.
Appellants counter that accrual of a cause of action is irrelevant under Code of Civil Procedure section 366.2, quoting the "whether accrued or not accrued" language. The general rule for accrual of a cause of action sets the accrual date as the time "`when, under the substantive law, the wrongful act is done,' or the wrongful result occurs, and the consequent `liability arises.' [Citation.] In other words, it sets the date as the time when the cause of action is complete with all of its elements [citations]." (Norgart v. Upjohn Co. (1999) 21 Cal.4th 383, 397, 87 Cal.Rptr.2d 453, 981 P.2d 79.)
Appellants call our attention to Bradley v. Breen (1999) 73 Cal.App.4th 798, 804-805, 86 Cal.Rptr.2d 726, in which the reviewing court held that by the clear language of Code of Civil Procedure section 366.2, a cross-action for equitable indemnity was time-barred, notwithstanding that such action had not accrued for statute of limitations purposes because the defendants seeking indemnity from the estate had not yet paid a judgment or settlement. At the same time, the court in Breen recognized that section 366.2 "governs causes of action against a decedent that existed at the time of death `whether accrued or not accrued.'" (Bradley v. Breen, supra, at p. 800, 86 Cal.Rptr.2d 726.) In other words, a cause of action that is nascent but not complete will survive, such that a plaintiffs rights may ripen into an actionable claim after a decedent's death. Of note, in Breen, the wrongful act had occurred;[7] *534 the missing element was the element of damages.
Here, at the time of Yool's death Mattingly had suffered no harm with respect to the property. There had been no repudiation, not even any equivocation or hint of equivocation on Yool's part that might prompt Mattingly to consider or resort to a legal "action" to protect her rights. Simply put, the cause of action had not accrued, nor did it exist.

III. DISPOSITION
The order is affirmed.
RUVOLO, P.J., and SEPULVEDA, J., concur.
NOTES
[1] Unless otherwise noted, all further statutory references are to the Probate Code.
[2] In 1992, the Legislature repealed and reenacted Code of Civil Procedure former section 353 without substantive change as section 366.2. (Stats.1992, ch. 178, §§ 6, 8, p. 887; Revised Recommendation Regarding Litigation Involving Decedents (Apr. 1992) 21-22 Cal. Law Revision Com. Rep. (1991-1992) pp. 895, 921.)
[3] Indeed, the "accrued or not accrued" language was added to both provisions as part of an omnibus probate law bill enacted in 1996. (Stats. 1996, ch. 862, §§ 1 (Code Civ. Proc., § 366.2) and 17 (§ 9000), pp. 4609, 4617.)
[4] The three months begins to run after notice of rejection is given for claims that are due at that time. For claims that are not yet due, the three months begins to run after the claim becomes due. (§ 9353, subd. (a)(2).)
[5] Generally speaking, the claim underlying a section 850 petition in probate is subject to the same statute of limitations that would apply had an ordinary civil suit been brought. (See Parker v. Walker (1992) 5 Cal.App.4th 1173, 1186, 6 Cal.Rptr.2d 908, concerning the petition procedure under former Prob.Code, § 9860 for determining whether the decedent or someone else owned real or personal property or some interest therein.)

Appellants contend that a couple of commentators "conclude that proceedings under ... section 850 are now governed by the one-year limitation period" of section 366.2. (Referencing (1) Ross, Cal. Practice Guide: Probate (The Rutter Group 2006) H 15:350.3, p. 15-98: "[A] third party's claim to property based upon an oral contract with the decedent must be brought within the two-year period set forth in CC § 339(1) (or, if decedent's death occurred during the two-year period), within one year of death as set forth in CCP § 336.2" and (2) Campisi and Latham, 2 Cal. Trust and Probate Litigation (Cont.Ed.Bar 2005) § 19.5, p. 683: "For a claim against the estate, the nature of the claim on which the Prob C § 850(a)(2) action is based determines the limitations period [citation] unless that period is shortened by CCP § 366.2 or CCP§ 366.3....")
First, while appellants report these statements as categorical pronouncements, clearly they are not. Second, neither commentator made the applicable statements with reference to a resulting trust. Third, neither commentator analyzed the operative phrase in Code of Civil Procedure section 366.2 concerning "liability of the person." (See pt. II.B., post.)
[6] Restated in section 366.2 without substantive change. (See ante, fn. 2.)
[7] Breen pled guilty to a charge of lewd acts with a minor and the minor initiated a civil action against him. After Breen died in prison, a probate of his estate was initiated. Nearly four years after Breen died the minor sued two women, alleging that they aided and abetted the molestation. The defendants cross-complained against the estate for indemnity and other relief. (Bradley v. Breen, supra, 73 Cal.App.4th at p. 800, 86 Cal. Rptr.2d 726.)