[No. B209814. Second Dist., Div. Four. June 2, 2009.]

DIANE LOKEY FARB, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
RITA FARB et al., Real Parties in Interest.

COUNSEL

Luce, Forward, Hamilton & Scripps, Charles A. Bird, Peter H. Klee, Suzanne Y. Badawi and Theona Zhordania for Petitioner.

No appearance for Respondent.

John L. Dodd & Associates, John L. Dodd, Mitchell Keiter; and David Schneider for Real Parties in Interest.

OPINION

EPSTEIN, P. J.—In this case, we conclude that the "one year after the date of death" statute of limitations set out in Code of Civil Procedure[1] section 366.2 applies to bar this action for breach of contract.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

## FACTUAL AND PROCEDURAL SUMMARY

In November 1993, Harold Farb and his wife Julie Benveniste Farb contracted with a surrogate mother to produce a child. The contract referred to Harold and Julie as the prospective father and prospective mother, and collectively as the prospective parents. It provided that the surrogate mother "shall be implanted with the embryo(s) created by the Prospective Father and the Prospective Mother, so the Surrogate may bear a child created and belonging to the Prospective Parents, and taken to the home of the Prospective Parents as their child. The birth of the child shall take place in California. Notwithstanding a material, incurable breach on the part of the Surrogate the Prospective Parents shall take immediate, full and absolute custody of the child upon birth. The Surrogate and her husband, if any, shall not be held liable for support, custody or any other liability relating [to] the child."

In recognition of "the Prospective Parents' obligation to support this Child which arises under California law from the time pregnancy is diagnosed," the prospective parents agreed to make payments to the surrogate mother for specified expenses in accordance with an attached schedule. The concluding provisions of the contract provided: "This Agreement has been drafted and executed in Los Angeles, California, and shall be governed by, continued and enforced in accordance with the laws of the state of California."

In January 1994, medical testing confirmed that the surrogate mother was pregnant with twins, with an expected due date in early October. Before the children were born, Harold petitioned to dissolve his marriage to Julie. He allegedly insisted Julie sign a declaration stating he had no children as a result of their marriage, threatening that "he would use his vast financial resources, power and connections to insure [sic] that if she revealed to the family court that they were in the process of having children he would insure that he was awarded custody and that she would be precluded from ever seeing the children." The dissolution became final on May 2, 1994.

On September 20, 1994, the surrogate mother gave birth to Rita Farb and Robert Farb. Harold was named as the children's father, and Julie was named as mother on their birth certificates. The children lived with Julie, who provided for their support. Harold provided no financial support for the children.

On October 10, 2006, Harold died in Texas. Probate of his estate, estimated to exceed $120 million, is pending in Texas.

On October 31, 2007, the children, through their guardian ad litem, brought an action in Los Angeles Superior Court against Harold's estate, seeking damages in the amount "equal to the benefits" that Harold "was, and is, contractually, morally, ethically and legally obligated to provide" to them. They alleged they were third party beneficiaries of the surrogacy contract, and that Harold breached his contractual obligations by failing to provide for their economic welfare. They also asserted a cause of action for fraud.

The estate demurred, asserting the action was barred by the statute of limitations in section 366.2, which requires that an action against a party who has died be filed within one year after the date of death. The estate also argued the children could not state a cause of action for breach of contract because they were not intended third party beneficiaries of the contract, and that they could not plead the reliance required for a fraud cause of action. The children conceded they could not state a cause of action for fraud, and the court sustained the demurrer on that claim without leave to amend. The court overruled the demurrer on the contract cause of action, and declined to rule on the statute of limitations.

The children filed a first amended complaint, asserting only breach of contract, and alleging that Harold's "contractual, legal, moral and ethical economic obligation to his children would have been, and is, between $97,280.00 and $193,280.00 per month for the entirety of their minority . . . ." The estate again demurred. The court overruled the demurrer, concluding the time bar under section 366.2 applied only to a probate pending in California. The estate filed this petition for writ of mandate, seeking an order compelling the court to sustain the demurrer without leave to amend and order the action dismissed. We issued an alternative writ, and now grant the requested relief.

## DISCUSSION

Real parties in interest argue against application of section 366.2 in this case on two grounds. First, they claim the minority tolling statute (§ 352) trumps section 366.2. And second, they claim the location of the probate in Texas removes the case from the ambit of section 366.2. We disagree with both contentions.

Section 366.2 provides:

"(a) If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether

accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply.

"(b) The limitations period provided in this section for commencement of an action shall not be tolled or extended for any reason except as provided in any of the following, where applicable:

"(1) Sections 12, 12a, and 12b of this code.

"(2) Part 4 (commencing with Section 9000) of Division 7 of the Probate Code (creditor claims in administration of estates of decedents).

"(3) Part 8 (commencing with Section 19000) of Division 9 of the Probate Code (payment of claims, debts, and expenses from revocable trust of deceased settlor).

"(4) Part 3 (commencing with Section 21300) of Division 11 of the Probate Code (no contest clauses).

"(c) This section applies to actions brought on liabilities of persons dying on or after January 1, 1993."

It is undisputed that the complaint was filed more than one year after Harold's death, and that none of the enumerated exceptions in section 366.2 applies. The Legislature could not have been clearer when it declared, in section 366.2, subdivision (b), that the limitations period provided in that section "shall not be tolled or extended *for any reason except*" the circumstances specifically enumerated in the statute. (Italics added.) "[W]e must, first and foremost, give effect to the plain and express language . . ." of the statute. (*Collection Bureau of San Jose v. Rumsey* (2000) 24 Cal.4th 301, 310 [99 Cal.Rptr.2d 792, 6 P.3d 713].) Minority tolling is not one of the listed exceptions. In accordance with the plain language of section 366.2, we conclude the one-year limitations period is not tolled during the minority of plaintiffs.

Real parties in interest successfully argued that section 366.2 only applies to a probate pending in California. We find nothing in the statute, its history, or the case law which supports this construction.

■ Subdivision (a) describes the circumstances in which section 366.2 applies: "If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives . . . ." In *Estate of Yool* (2007) 151 Cal.App.4th 867 [60 Cal.Rptr.3d 526], the court examined the meaning of the phrase "liability of the person" used in section 366.2: "Liability of the person, or 'personal liability' means '[l]iability for which one is personally accountable and for which a wronged party can seek satisfaction out of the wrongdoer's personal assets.' (Black's Law Dict. (8th ed. 2004) p. 933.)" (*Estate of Yool, supra*, 151 Cal.App.4th at p. 875.)

The statute sets out the limitations period for "an action" brought against a deceased person. "The reference to an 'action' on the liability of a decedent relates to the statutory definition of 'action': 'An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.' (Code Civ. Proc., § 22.)" (*Estate of Yool, supra*, 151 Cal.App.4th at p. 872.) Section 366.2 refers to the liability of the decedent. It makes no reference to the location of the decedent's estate, contains no language requiring that the probate or trust administration take place in California, and does not exclude actions where the probate or trust is being administered outside of California. In the absence of such limiting language, we conclude the one-year limitations period in section 366.2 applies to an action on the liability of a deceased person, without regard to the location of the decedent's personal representative or estate.

Our conclusion is consistent with the recommendations of the California Law Revision Commission which led to the adoption of the one-year statute. Former section 353, the predecessor to section 366.2, was adopted in connection with an overhaul of the provisions for notice to creditors for claims against decedent's estates. Prompted in part by the United States Supreme Court decision in *Tulsa Professional Collection Services, Inc. v. Pope* (1988) 485 U.S. 478 [99 L.Ed.2d 565, 108 S.Ct. 1340], the commission recommended revisions to the notice and limitations periods for known or ascertainable creditors of estates. (Recommendation Relating to Notice to Creditors in Estate Administration (Dec. 1989) 20 Cal. Law Revision Com. Rep. (1990) p. 511 (Recommendation).) The commission recommended that, "notwithstanding the four-month claim filing requirement, a known or reasonably ascertainable creditor who does not have actual knowledge of the administration of the estate during the four-month claim period should be

permitted to petition for leave to file a late claim. . . . [¶] Although known or reasonably ascertainable creditors who have no knowledge of administration would be given remedies beyond the four month claim period, these remedies must be exercised within one year after the decedent's death. The Commission believes that a new long term statute of limitations of one year commencing with the decedent's death will best effectuate the strong public policies of expeditious estate administration and security of title for distributees, and is consistent with the concept that a creditor has some obligation to keep informed of the status of the debtor. While the Supreme Court declined to rule on the validity of long term statutes of limitation that run from one to five years from the date of death, a one-year statute is believed to be constitutional since it is self-executing, it allows a reasonable time for the creditor to discover the decedent's death, and it is an appropriate period to afford repose and provide a reasonable cutoff for claims that soon would become stale." (Recommendation, *supra*, 20 Cal. Law Revision Com. Rep., pp. 512–513, fns. omitted.)

The commission listed several considerations for its recommendation, including the fact that "Every jurisdiction of which the Commission is aware that has considered the due process problem addressed by the recommendation, including the Uniform Probate Code, has adopted the one-year statute of limitations as part of its solution. [¶] In sum, a general limitation period longer than one year would burden all probate proceedings for little gain. The one-year limitation period is a reasonable accommodation of interests and is widely accepted." (Recommendation, *supra*, 20 Cal. Law Revision Com. Rep., p. 513, fn. omitted.)

This recommendation reflects a balance between expeditious estate administration and fairness to those with potential claims against the estate—either of which may involve another jurisdiction. Yet the statute makes no mention of the location of the decedent's estate or the claimants; it applies to "an action . . . brought on a liability" of a person who "dies before the expiration of the applicable limitations period, and the cause of action survives . . . ." (§ 366.2.) This action was premised on the liability of Harold Farb. At the time of his death, the statute of limitations had not yet run, and pursuant to section 366.2, it was replaced by a one-year statute of limitations beginning on the date of his death.

Real parties in interest attempt to avoid this result, arguing that the case should be governed by the Texas statute of limitations because the probate proceedings are in Texas. But the surrogacy contract on which this action is

based expressly provides that the contract was drafted and executed in Los Angeles, and "shall be governed by, continued and enforced in accordance with the laws of the state of California."

■ In determining the enforceability of arm's length contractual choice-of-law provisions, California courts apply the principles set forth in the Restatement Second of Conflict of Laws (Restatement), which reflects a strong policy favoring enforcement of such provisions. (*Nedlloyd Lines B.V. v. Superior Court* (1992) 3 Cal.4th 459, 465–466 [11 Cal.Rptr.2d 330, 834 P.2d 1148].) "[T]he proper approach under Restatement section 187, subdivision (2) is for the court first to determine either: (1) whether the chosen state has a substantial relationship to the parties or their transaction, or (2) whether there is any other reasonable basis for the parties' choice of law. If neither of these tests is met, that is the end of the inquiry, and the court need not enforce the parties' choice of law. If, however, either test is met, the court must next determine whether the chosen state's law is contrary to a *fundamental* policy of California. If there is no such conflict, the court shall enforce the parties' choice of law." (*Nedlloyd, supra,* 3 Cal.4th at p. 466, fns. omitted.)

Application of this analysis mandates enforcement of the choice of California law. The parties to the surrogacy contract were California residents, the contract was entered into and performed in California, plaintiffs are California residents, and they are seeking to enforce the contract in the courts of California. This state has a very substantial relationship to the parties and to the transaction. Turning to the second inquiry, California is the state selected by the parties, and it is being asked to enforce its own laws, including a statute of limitations reflecting a fundamental policy of allowing an appropriate period of time in which an action can be brought against a decedent, while limiting that time to one year to afford repose. (Recommendation, *supra,* 20 Cal. Law Revision Com. Rep., p. 512.) The choice of California law, including section 366.2, should be enforced.

■ We conclude that the one-year statute of limitations bars this action, and that the trial court erred in overruling petitioner's demurrer to the first amended complaint. For this reason, we need not, and do not reach petitioner's contention that the complaint fails to state a cause of action for breach of contract.

## DISPOSITION

Let a writ of mandate issue, directing the superior court to vacate its order overruling petitioner's demurrer to the first amended complaint and to issue a new order sustaining the demurrer without leave to amend and dismissing the action. Petitioner is awarded costs in this writ proceeding.

Willhite, J., and Manella, J., concurred.

A petition for a rehearing was denied June 19, 2009, and the petition of real parties in interest for review by the Supreme Court was denied August 12, 2009, S174362. Moreno, J., and Corrigan, J., did not participate therein.