Filed 10/12/21  Thompson v. Thompson CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ROBERT NEIL THOMPSON et al., | |
| Plaintiffs and Appellants, | G059770 |
| v. | (Super. Ct. No. 30-2019-01070579) |
| MICHAEL V. THOMPSON, as Trustee, etc., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Aaron Heisler, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Cooksey, Toolen, Gage, Duffy, & Woog, Matthew R. Pahl, and David R. Cooksey for Plaintiffs and Appellants.

Law Firm of David Dunlap Jones and David D. Jones for Defendant and Respondent.

\*          \*          \*

This is an appeal from a dismissal following a sustained demurrer in plaintiffs Robert Neil Thompson and David H. Thompson's complaint against their brother, Michael V. Thompson as trustee of the Robert V. Thompson Trust dated April 11, 2012 (the 2012 Trust). Plaintiffs argue their father, Robert V. Thompson (Father) breached his fiduciary duties to plaintiffs by transferring property out of a preexisting trust (of which plaintiffs were beneficiaries) to the 2012 Trust (of which they were not). Michael, as the sole beneficiary of the 2012 Trust, is in sole possession of a residence, and plaintiffs allege they are entitled to a one-third interest in the residence. Michael is the successor trustee under the 2012 Trust.

The complaint was dismissed on the ground that it was barred by the statute of limitations. The alleged breach of fiduciary duty was by Father. Father died in 2016. Code of Civil Procedure section 366.2 provides that all claims against a decedent must be brought within one year of death. Because the gravamen of the complaint is Father's breach of fiduciary duty, and the complaint was not brought within one year of Father's death, the court held it was time-barred. Plaintiffs do not challenge that ruling on appeal.

Instead, they contend their complaint can be amended to assert a constructive trust, which, they claim, is subject to a longer limitations period. It is well established, however, that a constructive trust claim borrows the statute of limitations from the underlying wrongdoing. Here, whether that wrongdoing is Father's breach of fiduciary duty, or whether Probate Code section 850 is the proper cause of action, the one-year statute of limitations under Code of Civil Procedure section 366.2 still applies. Accordingly, any amendment would be futile. We affirm.

ALLEGATIONS

The three brothers—defendant Michael and plaintiffs Robert and David— are equal beneficiaries of the Thompson Family Trust Dated April 6, 1994 (the 1994

2

Trust), which was created by their parents. The parents quitclaimed their interest in their personal residence to the 1994 Trust, which, along with some personal property, became the trust estate.

The trustees of the 1994 Trust were Father and Donna Thompson (Mother), with the successor trustee being whoever survived the other. The 1994 Trust was revocable "while both are living." The 1994 Trust provides that the parties' property maintains its status as community property "during the *joint* lives of the Trustors[,] *subject, however, to the provisions of this instrument*, so long as said property is held in trust." (Italics added.)

The 1994 Trust included a mechanism for splitting the trust in half when the first Trustor died: "Upon the death of either Trustor, the Trustee shall divide the remaining trust estate, including that received upon or by reason of the death of a Trustor, into two separate trusts to be designated Trust A and Trust B." "Trust A shall hold the surviving Trustor's vested interest in the community property, and the surviving Trustor's separate estate, if any . . . ." "Trust B shall consist of the balance of the Trust Estate representing the balance of the predeceased Trustor's interest in the community property and separate property, if any, included in the Trust Estate." "On the death of the Trustor first to die, the surviving Trustor shall have the power to amend, revoke or terminate Trust A, but Trust B may not be amended, revoked or terminated." Upon death of surviving trustor, the trust estate was to be divided equally between Robert, Michael, and David.

Mother died in 2012. Mother's death triggered the trust A and trust B split in the 1994 Trust described above. At the time of her death, the value of the residence and personal property was approximately $1.1 million.

Father, as surviving trustee of the 1994 Trust, failed to make the allocation of property between the A and B trusts. Instead, he recorded an erroneous "affidavit death of joint tenant" in connection with the residence (despite the fact that the residence

3

was not held as a joint tenancy) and created a new will and the revocable 2012 Trust (as an individual, not as trustee of the 1994 Trust). He then recorded a new deed purporting to transfer the entirety of the residence into the 2012 Trust. In contrast to the 1994 Trust, in which all three brothers were equal beneficiaries, Michael is the sole beneficiary of the 2012 Trust. Following Father's death in December 2016, Michael moved into the residence, continues to live there, and has not paid any rent.

PROCEDURAL HISTORY

The events giving rise to this lawsuit were initially litigated in a prior lawsuit, filed in 2017. Although our record of those proceedings is sparse, it appears that plaintiffs filed suit against Michael under Probate Code section 17200, addressing solely the 2012 Trust.[1] After an evidentiary hearing in March 2019, the court granted Michael judgment on the pleadings due to plaintiffs' lack of standing to sue—they are neither trustees nor beneficiaries of the 2012 Trust. The court's ruling was with prejudice as to any future petitions concerning the 2012 Trust under Probate Code section 17200, but without prejudice to a future petition under a different cause of action.[2]

Approximately two months later, in May 2019, plaintiffs filed the underlying petition, asserting a cause of action under Probate Code section 850.[3] About a

---

[1] That section permits "a trustee or beneficiary of a trust [to] petition the court under this chapter concerning the internal affairs of the trust or to determine the existence of the trust." (Prob. Code, § 17200, subd. (a).)

[2] Plaintiffs' request for judicial notice, filed on March 23, 2021 is granted.

[3] Probate Code section 850 permits a variety of actions, including one by an "interested person," "Where the trustee is in possession of, or holds title to, real or personal property, and the property, or some interest, is claimed to belong to another." (*Id*., subd. (a)(3)(A).)

4

month later, plaintiffs filed an amended petition that was essentially similar to the original petition.

Michael demurred to the amended petition. The court sustained the demurrer without leave to amend, finding the petition was based on the conduct of deceased Father, and was thus barred by the one-year statute of limitations under Code of Civil Procedure section 366.2. The court concluded that the prior litigation had not tolled the statute. The present petition was filed in 2019. Father died in 2016. Thus, the petition was time-barred. Plaintiffs appealed from the ensuing judgment of dismissal.

DISCUSSION

Plaintiffs do not challenge the court's ruling on the merits. Instead, they request in the first instance we grant them leave to amend their petition to state a claim for a constructive trust. This is generally permissible. "When a demurrer is sustained without leave to amend the petitioner may advance on appeal a new legal theory why the allegations of the petition state a cause of action." (*20th Century Ins. Co. v. Quackenbush* (1998) 64 Cal.App.4th 135, 139, fn. 3.) "This is so because of the general rule that '"a litigant may raise for the first time on appeal a pure question of law which is presented by undisputed facts."'" (*Dudley v. Department of Transportation* (2001) 90 Cal.App.4th 255, 259.) It is also because we must uphold the validity of the complaint if it states a cause of action under *any* possible legal theory, and "the 'any possible legal theory' standard encompasses a legal theory presented for the first time in an opening appellant's brief." (*Gutierrez v. Carmax Auto Superstores California* (2018) 19 Cal.App.5th 1234, 1244.)

5

Of course, just as in the trial court, the proposed amendment must present a viable cause of action.  (*Royalty Carpet Mills, Inc. v. City of Irvine* (2005) 125 Cal.App.4th 1110, 1124 ["When amendment would be futile because the amended petition would be barred by the statute of limitations, the trial court does not abuse its discretion in denying the motion for leave to amend"].)  Here, we conclude the proposed amendment would still be barred by the statute of limitations.

As we understand plaintiffs' proposed amendment, they seek to assert a free-standing equitable claim for a constructive trust.  The statutory basis for a constructive trust is Civil Code sections 2223 and 2224.  Civil Code section 2223 states, "One who wrongfully detains a thing is an involuntary trustee thereof, for the benefit of the owner."  Civil Code section 2224 states, "One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it."  Whether a constructive trust may be asserted as a free-standing claim, or whether, instead, it must be tethered to a legal cause of action, is subject to a split of authority.  (*Glue-Fold, Inc. v. Slautterback Corp.* (2000) 82 Cal.App.4th 1018, 1023 [constructive trust "is not an independent cause of action but merely a type of remedy for some categories of underlying wrong"]; compare *Higgins v. Higgins* (2017) 11 Cal.App.5th 648, 659, fn. 2 [disagreeing with *Glue-Fold*]; *id*. at p. 658 [stating, "An action to impose a constructive trust is a suit in equity to compel a person holding property wrongfully to transfer the property interest to the person to whom it rightfully belongs"].)  We will assume for the sake of argument that a free-standing, equitable constructive trust claim exists in California.  We conclude, nonetheless, that the claim is barred by the statute of limitations.

"Since 'A constructive trust is not a substantive device but merely a *remedy* to compel a person not justly entitled to *property* to transfer it to another who is entitled thereto' [citation], an action seeking to establish a constructive trust is subject to the

6

limitation period of the underlying substantive right." (*Davies v. Krasna* (1975) 14 Cal.3d 502, 515-516.) Civil Code section 2224, quoted above, lists a number of potential bases for establishing a constructive trust. The applicable basis here is "violation of a trust." Thus, the underlying wrongdoing is a breach of fiduciary duty. "The statute of limitations for breach of fiduciary duty is three years or four years, depending on whether the breach is fraudulent or nonfraudulent." (*American Master Lease LLC v. Idanta Partners, Ltd.* (2014) 225 Cal.App.4th 1451, 1479.) However, Code of Civil Procedure section 366.2, if it applies, supersedes the usual statute of limitations. Subdivision (a) of that section provides, "If a person against whom an action may be brought on a *liability of the person*, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, *and the cause of action survives*, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply." (Italics added.) The question, therefore, is whether the amended pleading would be seeking to impose a "liability of the person" that "survives."

That phrase "liability of the person" was interpreted in *Estate of Yool* (2007) 151 Cal.App.4th 867 (*Yool*). There, the daughter of the decedent mother claimed that certain real property was not part of the mother's estate. The property had been purchased by the daughter, but the mother was added to title to facilitate financing. The daughter claimed the property was hers under a theory of a resulting trust.[4] (*Yool*, at p.

---

[4] "A resulting trust arises by operation of law from a transfer of property under circumstances showing that the transferee was not intended to take the beneficial interest. [Citations.] Such a resulting trust carries out and enforces the inferred intent of the parties. [Citations.] 'Ordinarily a resulting trust arises in favor of the payor of the purchase price of the property where the purchase price, or a part thereof, is paid by one person and the title is taken in the name of another. [Citations.] "The trust arises because it is the natural presumption in such a case that it was their intention that the ostensible purchaser should acquire and hold the property for the one with whose means it was acquired."'" (*Lloyds Bank California v. Wells Fargo Bank* (1986) 187 Cal.App.3d 1038, 1042-1043.)

7

871.) The court held the one-year limitations period of Code of Civil Procedure section 366.2 did not apply to a claim on a resulting trust because the resulting trust was not a "liability of the person" as used in that section. The court explained that "liability of the person" means "'[l]iability for which one is personally accountable and for which a wronged party can seek satisfaction out of the wrongdoer's personal assets.' [Citation.] . . . . Because the trustee holds title, *but does not* [*beneficially*] *own* the property in question, there is no issue of personal liability or resort to the trustee's assets. A resulting trust arises by operation of law [citation] and does not implicate the personal liability of the purported trustee." (*Yool,* at pp. 875-876.)

The *Yool* court found support for its conclusion in the statutes governing creditor claims against a decedent's estate. (Prob. Code, § 9000 et seq.) It noted that "Code of Civil Procedure section 366.2 and Probate Code section 9000 are intertwined; each is integral to the procedural framework regulating the timing of actions and the filing of claims by creditors on the personal liability of a decedent." (*Yool, supra,* 151 Cal.App.4th at p. 876.) Section 9000 generally defines a "'claim'" as a "demand for payment," and excludes the following: "'Claim' does not include a dispute regarding title of a decedent to specific property alleged to be included in the decedent's estate." (*Id*., subd. (b).) Accordingly, the court concluded the one-year statute of limitations did not apply.

The present case is distinguishable from *Yool* in a couple of ways.

First, unlike *Yool*, plaintiffs' claim against Father implicates his personal liability and subjects him to a damages claim—it is not merely a dispute over title. A breach of fiduciary duty gives rise to a legal claim for damages. (*Association for Los Angeles Deputy Sheriffs v. Macias* (2021) 63 Cal.App.5th 1007, 1037 ["Damages incurred as a result of a breach of fiduciary duty are recoverable"]; *Stanley v. Richmond* (1995) 35 Cal.App.4th 1070, 1086 ["a breach of fiduciary duty is a species of tort"].) Indeed, as currently framed, plaintiffs' complaint seeks monetary damages. Plaintiffs'

8

strategy on appeal is to circumvent the statute of limitations by voluntarily limiting themselves to an equitable remedy. However, the remedy does not determine the nature of the claim. "'The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other.'" (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 682.) In *Yool* the issue was simply whether the plaintiff—who was the beneficial owner of the property—should also be conveyed title. Here, by contrast, Father's breach of fiduciary duty implicated his personal liability, and plaintiffs were never the beneficial owners of the property. They simply had a remainder interest. This is not a title dispute. It is a claim that Father breached the terms of a trust. As a result, plaintiffs' claim against Father—and by extension, Michael—is a liability of the person.

Second, *Yool* dealt with a claim that did not even exist prior to the mother's death. There, the mother never repudiated her duty to convey title during her lifetime. (*Yool*, *supra*, 151 Cal.App.4th at p. 877.) They just never got around to it. In that sense, the claim did not "survive" the mother's death because it never existed prior to the mother's death. Here, by contrast, Father allegedly breached his fiduciary duty in 2012 when he quitclaimed the deed out of the 1994 Trust. That gave rise to a cause of action against Father during his lifetime. (See *Battuello v. Battuello* (1998) 64 Cal.App.4th 842, 846-847 [cause of action for breach of promise to bequeath property accrued prior to testator's death because the testator had made an inter vivos transfer of the property in violation of the agreement and thus Code Civ. Proc., § 366.2 applied].) Accordingly, plaintiffs' claim was not only a liability of the person, but it also survived Father's death. Thus, plaintiffs' claim—however pleaded—is subject to the one-year statute of limitations of Code of Civil Procedure section 366.2.

9

Part of what makes this case difficult is that plaintiffs did, in fact, bring a lawsuit on these allegations within one year of Father's death. That lawsuit was brought under Probate Code section 17200, which permits a suit by "a trustee or beneficiary of a trust . . . ." (*Id*., subd. (a).) After almost two years of litigation, on the opening day of trial the court granted judgment on the pleadings, finding plaintiffs were not beneficiaries of the 2012 trust and thus had no standing. The court gave plaintiffs 30 minutes to amend their pleading, which they apparently were unable to do, after which the court entered a judgment of dismissal. That ruling was apparently not appealed. Two months later, they filed the present lawsuit under Probate Code section 850, which permits a lawsuit by an "interested person" "[w]here the trustee is in possession of, or holds title to, real or personal property, and the property, or some interest, is claimed to belong to another." (*Id*., subd. (a)(3)(A).) That would appear to be the proper statute. However, by the time the second lawsuit was filed, over two years had passed since Father's death. Normally, a statute of limitations would be tolled during the pendency of the first lawsuit under the doctrine of equitable tolling. (*Addison v. State of California* (1978) 21 Cal.3d 313, 317-319.) However, Code of Civil Procedure section 366.2, subdivision (b) eliminates all tolling doctrines except for a few narrow exceptions not applicable here, which precludes our ability to apply that doctrine. (See *Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 371 [stating, "The Legislature may preclude equitable tolling by stating its intention 'to disallow tolling under any circumstances not enumerated in the statute,'" and offering Code of Civ. Proc., § 366.2 as an example].)

We question whether such an unyielding statute of limitations is necessary to accomplish the policy goal of Code of Civil Procedure section 366.2, and we encourage the Legislature to consider that question. Ultimately, however, it is a question for the Legislature, not for us. We must apply the law as it currently stands. And under that law, plaintiffs' claim is barred by the statute of limitations. Accordingly, the court did not err, and any amendment would be futile.

10

DISPOSITION

The judgment is affirmed.  Respondent shall recover his costs incurred on appeal.


MARKS, J.*

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.


*Judge of the Orange Super. Ct., assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11